PER CURIAM.
C.H. appeals from an adjudication of delinquency. For the following reason, we reverse.
In December, 1987, an Opa-locka police officer was called to a retail store to investigate C.H.’s presentation of a “questionable” one-hundred dollar bill. The officer observed a large bulge in C.H.’s back pants pocket, conducted a pat-down, and removed a metal cigarette case. The case was approximately ½ inch deep, 2½ inches wide, and 3½ inches long. The officer opened the case to check for possible weapons and *896 found a razor blade and rock cocaine. C.H. was arrested and charged with narcotics violations. After hearing the officer’s testimony regarding his search of C.H., the trial court denied C.H.’s motion to suppress the cigarette case as the result of an illegal search. Defense counsel initially stated that C.H. would enter a nolo contendere plea but then indicated that the ruling on the motion to suppress was dispositive and that the defense would rest. Upon the evidence presented at the suppression hearing, the trial court found and adjudicated C.H. delinquent.
The trial court erred in denying C.H.’s motion to suppress the physical evidence seized. Although the bulge in C.H.’s pocket initially may have given rise to a reasonable suspicion that the suspect was armed, see State v. Ramos, 878 So.2d 1294 (Fla. 3d DCA 1979) (presence of bulge which is consistent with outline of weapon, when coupled with other incriminating circumstances, may give rise to reasonable belief that suspect is armed), that reasonable suspicion disappeared once the officer determined that the object in the pocket was a cigarette case and not a weapon. There was no evidence presented that the officer had a reasonable suspicion that the cigarette case contained any kind of weapon; the search cannot be justified on the basis that a razor blade was found inside the case. See Schnick v. State, 362 So.2d 423 (Fla. 4th DCA 1978) (search not justified merely because pocket knife actually found on suspect). Moreover, “[a] razor blade, like a nail file, keys or hat pin, is a common household item which when carried on or about a person ... is not a concealed weapon unless it is used in a threatening manner so that it might be considered deadly.” Robinson v. State, 547 So.2d 321 (Fla. 5th DCA 1989).
Because our reversal of the trial court’s denial of C.H.’s motion to suppress is dis-positive, we need not reach the remaining issue on appeal.
Reversed and remanded.