629 So.2d 980 (1993)
STATE of Florida, Appellant,
v.
Kenneth BROWN, Appellee.
No. 93-390.
District Court of Appeal of Florida, Fifth District.
December 23, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for appellant.
No Appearance for appellee.
DIAMANTIS, Judge.
This is an appeal by the state from the trial court's order granting appellee Kenneth Brown's motion to suppress.[1] We must dismiss the appeal for lack of jurisdiction because the state failed to file its notice of appeal within 15 days of rendition of the trial court's order as required by Florida Rule of Appellate Procedure 9.140(c)(2).
On January 22, 1993, the trial court signed a form entitled "Court Minutes" and "Order (Motion Hearing)" which granted Brown's motion to suppress and ordered Brown released as to the present case only. The trial court X'd the blanks preceding both the words "Court Minutes" and the words "Order (Motion Hearing)", indicating that the subject form was both the court minutes and an order of the court. The minutes/order was signed by the trial court and filed with the clerk in open court on January 22, 1993. Thus, the order was rendered on January 22, 1993. See Fla.R.App.P. 9.020(g). The state filed its notice of appeal on February 10, 1993, some 19 days after entry of the court's order. Subsequently, on March 25, 1993, the trial court entered a second order granting defendant's motion to suppress. This order was filed with the clerk on March 25, 1993, and, thus, was rendered on that day. See Fla.R.App.P. 9.020(g).
In Harrison v. State, 573 So.2d 60, 61 (Fla. 5th DCA 1990), we held that a form court minutes/order did not confer jurisdiction on this court "because it [was] signed by the court clerk and not the judge." In the present case, however, the trial judge signed the form minutes/order of January 22, 1993, which was also filed on that date with the clerk. Under rule 9.140(c)(2), the state had *981 fifteen days from January 22, 1993, in which to file its notice of appeal. Accordingly, the state's February 10, 1993, notice of appeal was not timely filed as is required to confer jurisdiction on this court.
The state argues that we have jurisdiction because it is appealing the March 25, 1993, order which again granted Brown's motion to suppress and because the February 10, 1993, notice of appeal is premature but timely under the authority of Williams v. State, 324 So.2d 74 (Fla. 1975). We reject this argument because the subsequent March 25, 1993, order neither contains any substantive changes nor resolves any genuine ambiguity in the January 22, 1993, order; thus, the subsequent order of March 25, 1993, cannot delay the time for seeking review. Daytona Migi Corp. v. Daytona Automotive Fiberglass, Inc., 417 So.2d 272, 273 (Fla. 5th DCA 1982). See also St. Moritz Hotel v. Daughtry, 249 So.2d 27, 28 (Fla. 1971); B.G. Leasing, Inc. v. Heider, 372 So.2d 184, 185 (Fla. 3d DCA 1979).
APPEAL DISMISSED.
COBB and W. SHARP, JJ., concur.
NOTES
[1] See Fla.R.App. 9.140(c)(1)(B).