642 So.2d 64 (1994)
STATE of Florida, Appellant,
v.
Jean TREMBLAY, Appellee.
No. 93-1862.
District Court of Appeal of Florida, Fourth District.
August 24, 1994.
*65 Michael J. Satz, State Atty., and James P. McLane, Asst. State Atty., Fort Lauderdale, for appellant.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellee.
POLEN, Judge.
The state appeals an order that grants appellee's motion to dismiss charges of possession of a concealed weapon by a convicted felon, in violation of section 790.23, Florida Statutes. Appellee, Jean Tremblay, contends that this court lacks jurisdiction to consider this appeal, because the state's notice of appeal was untimely filed. We find the appeal was timely filed, and we affirm the dismissal.
Turning first to appellee's jurisdictional argument, we find it to be unpersuasive. Appellee claims that the state's time to appeal began to run on May 21, 1993, when the judge rendered its ruling to dismiss the cause and signed a court status form reflecting that the concealed weapon charge against appellee was dismissed. If the appealability of a court status form were legally supportable, then we would agree that the state's filing of a notice of appeal on June 9, 1993, was untimely,[1] which would divest this court of jurisdiction to consider this cause. See e.g. State v. Sexton, 283 So.2d 578 (Fla. 2d DCA 1973) (the filing of a notice of appeal is jurisdictional); State ex rel Ervin v. Smith, 160 So.2d 518, 521 (Fla. 1964) (neither a district court of appeal nor the supreme court has the power to waive the jurisdictional requirement that a notice of appeal be timely filed), receded from on other grounds, Haag v. State, 591 So.2d 614 (Fla. 1992). These authorities, however, are inapplicable here, because we hold that the final, appealable order in this case was rendered on May 26, 1993, making the state's notice of appeal timely.
Rule 9.020(g) defines "rendition" as "the filing of a signed, written order with the clerk of the lower tribunal." Rule 9.020(e) then defines "Order" as "[a] decision, order, judgment, decree or rule of a lower tribunal, excluding minutes and minute book entries." *66 We have found no authority to the effect that a signed court "status form," albeit signed by the judge and deposited by the clerk in the court file, constitutes a final, appealable order under the rule. Consequently, we have jurisdiction in this cause under Florida Rule of Appellate Procedure 9.140(c)(1)(A) and section 924.07(1)(a), Florida Statutes (1989). We must add, however, that although that day has not arrived,[2] we can envision an occasion when a peculiar set of circumstances might lead us to conclude that a court status form might be found appealable.[3] We feel compelled to comment that it would behoove the bench and bar to take precautionary measures in this regard. One way to do this is for the trial judge to make it clear on the record that a subsequent written order will be prepared, and that any sheet of paper the judge signs which records a particular ruling as a docket entry, is not intended to be the order subject to be appealed.
On the merits, appellant state contends that reversal is in order because the trial court erred when it found that the ice pick that appellee had in his automobile at the time he was stopped was not a concealed weapon for purposes of section 790.001(3), Florida Statutes (1991).[4] We now turn to the facts leading to appellee's arrest and charges.
The record shows that Deputy John Bukata of the Broward Sheriff's Office stopped appellee's vehicle for failure to maintain a single lane. The deputy asked appellee to step away from the vehicle. While a second deputy had appellee perform a roadside test, Deputy Bukata checked inside the vehicle and saw an object under the front armrest. The deputy described the object as looking "like wood sticking out." He retrieved the item, which turned out to be an ice pick. Appellee was subsequently arrested for and charged with carrying a concealed weapon, and filed a motion to dismiss the charge. After a hearing on that motion, during which neither officer testified that appellee used the ice pick in a threatening manner, the trial court orally granted appellee's motion.
It has been held that where a common household item (although not specifically listed as a weapon in the statute) is used in a threatening manner, it can become a concealed weapon for the statute's purposes. See Robinson v. State, 547 So.2d 321, 323 (Fla. 5th DCA 1989). The Robinson Court held that, under its facts, no proof was submitted that the defendant had used a razor blade in a threatening manner and therefore, it was not a concealed weapon. That same court, however, recognized that items such as razor blades, nail files, keys or hatpins could be concealed weapons if used in a threatening manner so that they might be considered deadly. See also P.C. v. State, 589 So.2d 438 (Fla. 3d DCA 1991) (concealed letter opener was not a concealed weapon unless there was evidence that the defendant used it as a deadly weapon); C.H. v. State, 548 So.2d 895 (Fla. 3d DCA 1989) (razor blade is common household item which is not a concealed weapon unless used in a threatening manner). Thus, absent competent, substantial *67 evidence that appellee used the ice pick in a threatening manner toward the police officers or others, at the time and place of his arrest, the ice pick cannot qualify as a concealed weapon under section 790.001(3). We agree with the trial court's finding that viewing the evidence presented in a light most favorable to the state, the state failed to present the barest prima facie case of guilt on this charge.[5] As a result, the trial court did not abuse its discretion when it dismissed the information. See Graves v. State, 590 So.2d 1007 (Fla. 3d DCA 1991). The order dismissing the charge is therefore affirmed.
GLICKSTEIN and WARNER, JJ., concur.
NOTES
[1] Per Florida Rule of Appellate Procedure 9.140(c)(2), the state had 15 days from rendition of the order to file its notice of appeal.
[2] See Belmont v. State, 370 So.2d 1173, 1174 (Fla. 4th DCA 1979) ("the appellate courts generally only review judgments and orders which have been rendered, and rendition is effected by `the filing of a signed, written order with the clerk of the lower tribunal'").
[3] It is not inconceivable that we may one day be faced with an evolution of sorts of what is permissible under Florida Rules of Appellate Procedure 9.020(g) and (e), if greater clarity of the unintended finality of a signed court status form is not achieved. The case of Fox v. District Court of Appeal, Fourth District, 553 So.2d 161 (Fla. 1989), is illustrative. In that case, the supreme court disagreed with this court's opinion that the time for appeal from a sentence did not begin to run until a trial court provided written reasons for departure. The supreme court held that the time for the state's appeal from a sentence began to run when the trial judge orally pronounced sentence and signed the sentencing form. This scenario is clearly distinguishable from the one presented in the instant case.
[4] That section provides, in pertinent part:

"Concealed weapon" means any dirk, metallic knuckles, slingshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about a person in such a manner as to conceal the weapon from the ordinary sight of another person.
The state charged appellee with violation of section 790.01(1):
Whoever shall carry a concealed weapon or electric weapon or device on or about his person shall be guilty of a misdemeanor of the first degree.
[5] Contrary to what the state contends, it is irrelevant that the prosecutor proffered the testimony of an individual to the effect that appellee on a previous occasion had used an ice pick in a threatening manner.