678 So.2d 923 (1996)
Joseph Paul BARTA, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1181.
District Court of Appeal of Florida, Fifth District.
August 30, 1996.
*924 James B. Gibson, Public Defender, and Dee R. Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, Judge.
There is one issue posed by this appeal: was this court correct in our holding in Bass v. State, 662 So.2d 1024 (Fla. 5th DCA 1995), that an order revoking probation must state in writing the probationary condition(s) which the trial court found was violated. The state contends that the trial court's oral factual findings, which are contained in the transcript, are sufficient.
Bass is consistent not only with opinions from the First and Second Districts, but also with Florida Rule of Appellate Procedure 9.020(g), which states: "An order is rendered when a signed, written order is filed with the clerk of the lower tribunal." Accordingly, this cause is reversed and remanded for entry of a written order specifying the condition(s) of probation which the defendant violated.
REVERSED AND REMANDED.
W. SHARP, and GOSHORN, JJ., concur.