ANTOON, Judge.
The state appeals the trial court’s order granting the defendant’s motion to suppress evidence. The defendant was charged with battery on a law enforcement officer,[1] resisting an officer with violence,[2] and possession of cannabis.[3] Following an evidentiary hearing, the trial court entered its oral ruling, suppressing “everything that occurred at and after [the] pretextual stop ...”
The instant record contains no written motion to suppress and no written suppression order. The trial court orally announced its ruling at the conclusion of the hearing and then signed the court minutes which noted “defense motion granted” with no further explanation. Thus, the trial court’s oral ruling is unclear with respect to what evidence the court intended to suppress. Therefore, we vacate the order and remand this matter to the trial court for a period of fifteen (15) days from the date of this opinion to enter a written order disposing of the motion. We also direct the state to supplement the record with the written suppression motion, if one exists.
We take this opportunity to remind the trial court and trial counsel of the importance *1034 of clearly stated motions and rulings. In this regard, counsel has an interest in ensuring that the record supports the argument raised on appeal. While not always required, written motions are preferable. This court has recognized that the signing of court minutes indicating that a motion to suppress is granted is sufficient to constitute “rendering” for jurisdictional purposes. State v. Brown, 629 So.2d 980 (Fla. 5th DCA 1993). Nonetheless, trial courts have an obligation to clearly and fully set forth their rulings.
VACATED and REMANDED.
PETERSON, C.J., and THOMPSON, J., concur.

. §§ 784.03, 784.045, 784.07, Fla. Stat. (1993).

. § 843.01, Fla. Stat. (1993).

.§ 893.13, Fla. Stat. (1993).