THOMPSON, J.
The Ocala Star Banner and one of its reporters, Christopher Lloyd, seek certiorari review of a circuit court order denying their motion to quash a subpoena directing Lloyd to testify concerning information obtained during an interview with respondent, John Alan Jones, a defendant in a criminal case. Petitioners asserted the journalist qualified privilege under section 90.5015, Florida Statute.[1]
Jones has filed a suggestion of mootness, stating that the subpoena has been withdrawn and Lloyd is no longer compelled to give testimony. Because the subpoena has been withdrawn, the petition for writ of certiorari is denied as moot. Discretionary review by certiorari should be afforded only *839 where there is a departure from the essential requirements of law causing miscarriage of justice, and, in this case, there can be no miscarriage of justice since the subpoena in question is no longer in effect. See Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995). See also Hawaiian Inn of Daytona Beach, Inc. v. Snead Construction Corp., 393 So.2d 1201 (Fla. 5th DCA 1981) (certiorari is not a writ of expediency). The petition for writ of certiorari is denied since the issue is moot, thus, we do not discuss the merits of the petition.
PETITION DENIED AS MOOT.
GRIFFIN, C. J., and W. SHARP, J., concur.

. § 90.5015(2), Fla. Stat. (Supp.1998):
PRIVILEGE. — A professional journalist has a qualified privilege not to be a witness concerning, and not to disclose the information, including the identity of any source, that the professional journalist has obtained while actively gathering news. This privilege applies only to information or eyewitness observations obtained within the normal scope of employment and does not apply to physical evidence, eyewitness observations, or visual or audio recording of crimes. A party seeking to overcome this privilege must make a clear and specific showing that:
(a) The information is relevant and material to unresolved issues that have been raised in the proceeding for which the information is sought:
(b) The information cannot be obtained from alternative sources; and
(c) A compelling interest exists for requiring disclosure of the information.