825 So.2d 453 (2002)
STATE of Florida, Petitioner,
v.
Alfred J. WAGNER, Respondent.
No. 5D02-1211.
District Court of Appeal of Florida, Fifth District.
July 26, 2002.
Rehearing Denied September 13, 2002.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert E. Bodnar, Jr., Assistant Attorney General, Daytona Beach, for Petitioner.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Respondent.

ON MOTION TO DISMISS
ORFINGER, R.B., J.
The State seeks certiorari review of an order releasing Alfred Wagner from custody pending a final hearing on the State's petition to involuntarily commit him as a sexually violent predator pursuant to the Jimmy Ryce Act, sections 394.910-931, Florida Statutes (2001). Wagner seeks dismissal of the certiorari petition, claiming it *454 is untimely. We grant the motion to dismiss.
At a hearing on January 23, 2002, the trial court denied Wagner's petition to dismiss the commitment proceeding filed against him by the State, but concluded that he was entitled to immediate release from custody pursuant to section 394.9135, Florida Statutes (2001). Thereafter, on March 26, 2002, the court entered a more detailed order setting forth its reasons for releasing Wagner.
Because the time for initiating review by an appellate court is jurisdictional, consideration must be given to when the order was rendered. As Judge Padovano observed:
If the proceeding is one that is subject to a jurisdictional time limit, the time for initiating review will be specified by the applicable rule and the party seeking review may invoke the jurisdiction of the court only by filing the notice or petition within that specified time period. The beginning of the time period in every case is marked by the date of rendition of the order to be reviewed....
Philip J. Padovano, Florida Appellate Practice, § 2.2 at 19 (2000-2001 ed.). The State's petition seeking certiorari review of the order releasing Wagner was required to be filed within thirty days following rendition of the release order. See Fla. R.App. P. 9.100(c)(1). Wagner contends the order authorizing his release was rendered on January 23rd. The State contends the order was rendered on March 26th. If Wagner is correct, the State's petition was untimely and this court lacks jurisdiction to consider it. Conversely, if the State is correct, its petition was timely and this court has jurisdiction.
In relevant part, the following discussion took place between the trial judge and the parties at the January 23rd hearing:
The Court: So what I'm going to do at this point, Mr. Kutsche [Wagner's attorney], is I'm goingyou're going to have to draw the order, but what I'm going to, at this moment, subject to a formal order, I'm going to deny your motion to dismiss the petition in the case without prejudice for you to raise the additional arguments that you have wanted, that you've filed here today at a later time, and I'm going to order Mr. Wagner to be released immediately from the custody of the Department of Children and Families.
* * *
The Court: And I'd ask you to draw an order, and I'll find the fifteen days [sic] for the State to appeal to begin upon rendition of the order.
Mr. Kutsche: Yes, sir.
Ms. Perrin [Assistant State Attorney]:
I would ask Mr. Kutsche to somehow notify me so that I can, when the order is drafted and when it's signed by you so I know what my appeal time is.
The Court: Before he sends me an order to sign, he'll send you a copy of the order so you can approve it as to form.
Ms. Perrin: Right.
The Court: And then you'll know when its been signed.
Ms. Perrin: I just wanted that on the record so I know that I'm going to receive that copy.
The Court: In other words, once you draft the order, send it over, let her look at it, if she thinks you've got something in there that I didn't say, then you can,we even have hearings sometimes when they disagree as to the from of the order. Basically, I want to give you something to appeal more than what I *455 just said, more than some form order that the clerk prepared.
* * *
Mr. Kutsche: I take it that he actually is not going to be released until the formal order is signed and transmitted.
The Court: I just signed an order saying that he's to be released from custody immediately. We'll give this to these gentlemen that brought him here, and they can head on back without him unless he wants to go back with them to get his stuff and be released from Martin County, that's up to him. I guess they'll give him a ride, I don't know. I don't know if there insurance will cover it or not.
(Emphasis added). The trial judge then signed the court minutes, which provided, in pertinent part: "Defendant to be released immediately from custody." The court minutes were filed with the clerk the same day. Thus, the "order" authorizing Wagner's release, if it was an order, was rendered on January 23, 2002.[1]
We have previously held that court minutes signed by a judge are, in some circumstances, sufficient to constitute an appealable order. See State v. Brown, 629 So.2d 980 (Fla. 5th DCA 1993). In doing so, we distinguished minutes signed by a judge from minutes signed only by the clerk, concluding that the latter did not constitute an order without a judge's signature. See Harrison v. State, 573 So.2d 60, 61 (Fla. 5th DCA 1990).
An order is "a command, direction, or instruction." Black's Law Dictionary 1123 (7th ed.1999). It is the content of the order, not its form, that determines its efficacy. The January 23rd document, signed by the judge, gave a clear written direction to release Wagner immediately. That it was not in textbook form is of no consequence. Here, as in Brown, the subsequent written order "neither contains any substantive changes nor resolves any genuine ambiguity in the [court minutes]; thus, the subsequent order ... cannot delay the time for seeking review." 629 So.2d at 981. While it was clear that the court intended to draft a more formal written order explaining the reasons for its ruling, the subsequent order contained no substantive changes; rather, it simply provided a chronological summary of the proceedings and a statutory citation to support why Wagner was entitled to be released. See Thermoplastic & Signs, Inc. v. Metro. Dade County, 746 So.2d 1140, 1141 (Fla. 3d DCA 1999) (holding that the refiling of an order without any substantive changes does not extend the time to seek review).
We conclude that the January 23rd court minutes constitute an order. The parties were aware that the judge had signed a directive authorizing Wagner's immediate release. What the judge signed on January 23rd was clear"[d]efendant to be released immediately from custody." What the judge told the parties that same day was equally clear"I just signed an order saying that he's to be released from custody immediately."
Jurisdiction either exists or it does not. Jurisdictional time limits may not be altered by the actions or inactions of the parties or the trial court. Appellate courts are not authorized to accept stipulations extending the time to take an appeal, Polk County v. Sofka, 702 So.2d 1243 (Fla. 1997), nor can the time for an initiating review be extended by the trial court. In re Interest of T.D., 623 So.2d 851 (Fla. 1st *456 DCA 1993). The State should have filed its petition seeking certiorari review of the release order within thirty days of the January 23rd hearing rather than waiting until after the court entered its subsequent order on March 26th. While this was clearly a good faith error on the part of the participants at the hearing, all of whom failed to recognize the significance of the January 23rd order, it was an error nonetheless that deprives this court of jurisdiction. Accordingly, we dismiss the State's petition for writ of certiorari.
PETITION FOR WRIT OF CERTIORARI DISMISSED.
THOMPSON, C.J. and PLEUS, J., concur.
NOTES
[1] Florida Rule of Appellate Procedure 9.020(h) provides that "[a]n order is rendered when a signed, written order is filed with the clerk of the lower tribunal."