866 So.2d 1268 (2004)
Elbert BRINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-990.
District Court of Appeal of Florida, Fifth District.
February 27, 2004.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Elbert Brinson (defendant) appeals the final order entered by the trial court sentencing him to a term of five years imprisonment for violating his probation. Concluding that the trial court erred by failing to issue a written order setting forth specific findings as to which conditions of the defendant's probation had been violated, we vacate the sentencing order and remand for entry of a proper adjudication order.
The State filed an affidavit charging the defendant with violating his probation in several different ways. A hearing was *1269 held and testimony was presented as to each of those alleged violations. At the conclusion of the testimony, the trial court issued a ruling from the bench finding that the defendant had violated his probation but not stating which of the conditions of probation had been violated. Defense counsel requested a specific finding of the conditions which had been violated; however, the court responded: "My order stands for itself."
The trial court apparently failed to issue a written judgment of guilt since no adjudication order is contained in the record. However, a copy of the court minutes, signed by the trial court and indicating that the court had found the defendant guilty of violating his probation, is contained in the record. Defendant contends that the trial court reversibly erred in failing to issue a written order setting forth specific findings as to which conditions of his probation had been violated. We agree.
The supreme court has recently ruled that court minutes do not constitute appealable orders. See State v. Wagner, 863 So.2d 1224 (Fla.2004). In addition, our court has consistently ruled that an order revoking probation must state in writing the probationary conditions which the trial court found to have been violated. Barta v. State, 678 So.2d 923 (Fla. 5th DCA 1996); Forget v. State, 675 So.2d 259 (Fla. 5th DCA 1996). Accordingly, the trial court's sentencing order is vacated and this matter is remanded for entry of a proper adjudication order.
Sentencing order VACATED and case REMANDED for entry of a proper adjudication order.
PLEUS and TORPY, JJ., concur.