876 So.2d 1278 (2004)
Christopher J. PATT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-407.
District Court of Appeal of Florida, Fifth District.
July 16, 2004.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Christopher Patt (defendant) appeals the final order entered by the trial court finding him guilty and sentencing him to prison for violating his community control. Concluding that the trial court erred by failing to issue a written order setting forth specific findings as to which conditions of the defendant's community control had been violated, we remand for entry of a proper adjudication order.
The State filed an affidavit charging the defendant with violating his community control in several different ways. A hearing was held and testimony was presented as to each of those alleged violations. At the conclusion of the testimony, the trial court issued a ruling from the bench finding that the defendant had violated his community control and stating which of the conditions had been violated. The defendant contends that the trial court reversibly erred in failing to issue a written order setting forth said findings.
While our court has consistently ruled that an order revoking community control must state in writing the conditions which the trial court found to have been violated, see Brinson v. State, 866 So.2d 1268 (Fla. 5th DCA 2004); Barta v. State, 678 So.2d 923 (Fla. 5th DCA 1996); Forget v. State, 675 So.2d 259 (Fla. 5th DCA 1996), we recognize that the trial court made findings from the bench, supported by competent, substantial evidence, that would, if reduced to writing, have been adequate to sustain the trial court's conclusion of a willful and substantial violation of community control. Therefore, we affirm the revocation of Patt's community control and remand the matter for entry of a proper adjudication order.
AFFIRMED and REMANDED for entry of a proper adjudication order.
PETERSON and ORFINGER, JJ., concur.