890 So.2d 281 (2004)
DEPARTMENT OF CORRECTIONS, Petitioner,
v.
Barry BERGMAN, Respondent.
No. 5D04-2257.
District Court of Appeal of Florida, Fifth District.
November 12, 2004.
Order Denying Rehearing January 14, 2005.
Sara K. Cunningham, Assistant General Counsel, Department of Corrections, Tallahassee, for Petitioner.
Barry Bergman, Palm Bay, pro se.
PLEUS, J.
The Department of Corrections seeks certiorari review of an order of the circuit court requiring it to pay for a deaf interpreter to assist respondent Barry Bergman, who is hearing impaired, during his court ordered sex offender probation. The Department argues that there is no statutory authority to require it to pay for the accommodation. Instead, the Department argues that under the Americans with Disabilities Act the sex offender treatment provider, Family Alliance, should pay for the accommodation.
The Department is seeking review of a ruling set forth in court minutes. In State v. Wagner, 863 So.2d 1224 (Fla.2004), the Florida Supreme Court held that for the purpose of determining when certiorari review must be filed under rule 9.100(c)(1), Florida Rules of Appellate Procedure, a court minutes form, even if signed by a judge, does not constitute a reviewable order and the act of filing the minutes does not amount to rendition. Therefore, there is no reviewable order in this case.
The petition is dismissed for lack of jurisdiction. See State v. Wagner, 863 So.2d 1224 (Fla.2004).
DISMISSED.
SAWAYA, C.J., and PETERSON, J., concur.

On Motion for Rehearing
PLEUS, J.
In its motion, the Department acknowledges that the supreme court held in State v. Wagner, 863 So.2d 1224 (Fla.2004), that a court minutes form, even if signed by a judge, does not constitute a reviewable order. The court reasoned that "a formal written order will articulate the trial court's decision and its supporting reasoning much clearer than a clerk's notation in a court minutes form." The court ruled that allowing signed minute forms to constitute rendered orders would create the potential for inadvertent rendition. For example, a judge may sign a court minutes form and file it with the clerk unbeknownst to the parties. An area of confusion may arise where a "court minutes/order" form signed by a judge is utilized. See State v. Brown, 629 So.2d 980 (Fla. 5th DCA 1993). The Department interprets footnote 7 in Wagner as approving the use of a joint "court minutes/order" form, such as used in Brown and in this case, as distinguished from the minutes form in *282 Wagner, which did not specifically indicate it was an order. However, in Brown, this Court held that it lacked jurisdiction where the State failed to appeal a combined court minutes/order form within the required time after filing of the minutes. We read this as an example of why such use causes confusion and was disapproved.
MOTION DENIED.
SAWAYA, C.J. and PETERSON, J., concur.