LAWSON, J.
The Department of Children and Family Services, (“Department”), seeks certiorari review of a written order denying a shelter petition. We have decided to hear this case en banc to resolve a conflict in our opinions regarding the appealability of orders that include the words “minutes” or “court minutes” in the title.[1] In State v. Brown, 629 So.2d 980 (Fla. 5th DCA 1993), we held that a “court minutes/order” form signed by the judge and filed with the court clerk constituted a rendered, appealable order. In Dep’t of Corrections v. Bergman, 890 So.2d 281 (Fla. 5th DCA 2004), we held that a “court minutes/order” form signed by the judge and filed with the court clerk did not constitute a rendered order, implying that Brown had been disapproved by State v. Wagner, 863 So.2d 1224 (Fla.2004).
At the outset, we would note that the use of these combined “minutes/order” *228 forms is widespread throughout the circuits encompassed within our jurisdiction. Such orders contain dispositive rulings, are signed by the judge and contain appropriate “order” language. They are certainly treated by trial courts and parties as enforceable, final orders with real world consequences. For example, in this case, the trial court’s order expressly denied the Department’s shelter petition and ordered the Department to return K.S.G. and E.T.G., minor children, to their parents. The Department apparently complied with the order, but timely sought review. Under Bergman, however, we would be required to dismiss the Department’s petition for lack of jurisdiction simply because the first page of the document is styled “Order/Minutes of Shelter Hearing Dependency Proceeding.”[2]
The dilemma for litigants is obvious under the narrow view of appealability announced in Bergman. On one hand, they are handed a document which is: (1) labeled an “order”[3] (even if also called something else); (2) clearly “dispositional;”[4] and (3) signed by a judge. The litigant (or other party ordered to act) would be hard-pressed to do anything other than treat the document as an enforceable order upon which he or she must act. Yet, under Bergman, the document would not be sufficient to confer jurisdiction in a district court of appeal for review. At the very least, the party would first have to seek re-issuance of the “non-order/order” before seeking appellate review.
From a review of reported cases, it appears that the narrow approach taken by this court in Bergman regarding jurisdiction to review orders also bearing the words “minutes” or “court minutes” in the title is unique among the districts. Moreover, Wagner does not compel the approach taken in Bergman. Notably, the Wagner court did not overrule Brown or even expressly disapprove of it. Rather, footnote seven in Wagner suggests that a document entitled “order” (even if also entitled “court minutes”) that is signed by the judge and filed with the clerk is a rendered and appealable order.
Bergman and the cases from this district that followed it were animated by the desire to avoid issues of “inadvertent rendition” and the late filing of appeals discussed in Wagner, but this can be accomplished through appropriate design of the form and clear designation of the document as an “order.” In this case, for example, the circuit court uses a two-page form. “Court minutes” appear on the first page. The second page is titled only “order” and contains the dispositive provisions and judge’s signature. Alternatively, on an appropriate form, the trial court could simply circle, mark or otherwise signify that the document the court is executing is an order.
In the final analysis, however, jurisdiction ought to be controlled primarily by what the document does, not what it is called.[5] The inclusion of the term “court *229 minutes” in the title of an otherwise complete order does not make it any less an order or any less appealable. Therefore, we expressly recede from Bergman and hold that a document entitled “order” (even if also entitled “court minutes” or “minutes”) that is signed by the judge and filed with the clerk is a rendered and appealable order.[6]
Having concluded that we have jurisdiction in this matter, we now turn to the merits. “Discretionary review by cer-tiorari should be afforded only where there is a departure from the essential requirements of law causing miscarriage of justice.” Ocala Star Banner Corp. v. State, 721 So.2d 838, 838-839 (Fla. 5th DCA 1998). In this case, the Department sought to shelter K.S.G. and E.T.G. based upon substantial evidence that their father was consistently abusing drugs and alcohol while at home supervising a four-year-old child and six-year-old child, and acting as their sole caregiver.
As soon as the hearing commenced on the shelter petition on September 27, 2005, the father’s attorney argued that the petition should be dismissed because the fact that the father tested positive for drugs was a concern for his probation, not a matter that would support dependency. The trial court denied the shelter petition remarking that the father had “more problems,” presumably in criminal court. The Department complains that the trial court erred in refusing to hear its evidence in support of the shelter petition and erred in concluding that the father’s drug abuse could not support a shelter order. The Department is correct in both respects. The allegations of the petition, if proved, would support a shelter order. The facts concerning the nature and extent of the father’s drug and alcohol use are conflicting. Also apparently in dispute are whether the father uses drugs in the presence of the children and whether his drug and alcohol use impair his ability to care for the children. The trial court erred in dismissing the petition out of hand. The order is quashed and the case remanded for further proceedings.
WRIT GRANTED; ORDER QUASHED.
PLEUS, C.J., GRIFFIN, THOMPSON, ORFINGER, MONACO, TORPY, and EVANDER, JJ., concur.
PALMER, J., dissents with opinion, in which SAWAYA, J., concurs.

. Rule 9.331(c) of the Florida Rules of Appellate Procedure authorizes a district court of appeal to hear a case en banc on its own motion. Subdivision (a) of the rule provides in material part that the court may consider an appeal en banc when “necessary to maintain uniformity in the court’s decisions.”

. The second page is delineated "Page 2 of 2,” and is styled only as an "Order of Dependency Shelter/Review Hearing.”

. In addition to containing a heading announcing the document as an "order,” these forms also include the language "Done and Ordered in_County, Florida,” immediately before the signature block.

. By "dispositional” we mean that the order either disposes of a motion or orders someone to do or not do some act.

. Of course, as held in Wagner, the document must be labeled as an order to give sufficient notice to the parties that the time for appeal is running. In fact, the Legislature may have addressed a similar concern in section 28.212, Florida Statutes, which prohibits a *229 clerk of court from simply recording orders and judgments in the body of its court minutes.

. As the court pointed out in Wagner, the better practice is for the judge to draft and execute his or her own separate order that clearly articulates the court's reasoning and ruling. However, we also recognize that in most jurisdictions trial courts simply do not have the time or resources necessary to go back to chambers and compose, edit, finalize and serve separate orders in the hundreds of routine matters that they must address day-in and day-out given their busy dockets. The use of combined order/minutes, which can be quickly prepared, signed and served in court, while the parties are present, appears to have developed as a necessary efficiency in our modem court system.