PALMER, J.,
dissenting.
I respectfully dissent. The trial court’s ruling dismissing the instant shelter petition was memorialized on a combined “order/minutes” form. The form consisted of two pages. On page two, entitled “Order of Dependency Shelter/Review Hearing”, the trial court checked a box which stated: “The Department’s petition for shelter care is denied without prejudice, and the children are hereby ordered to be returned to their father and mother; the *230 court finds that the reasons for the children’s removal have been remedied to the extent that the children’s physical, mental and emotional health would not be endangered.” The trial judge signed the form. DCF thereafter filed a petition with this court seeking certiorari review of said ruling.
In State v. Wagner, 863 So.2d 1224 (Fla.2004), our Supreme Court held that, for the purpose of determining the time period for when a certiorari petition must be filed under rule 9.100(c)(1) of the Florida Rules of Appellate Procedure, a court minutes form, even if signed by a trial judge, does not constitute a reviewable order and, therefore, the act of filing the minutes form does not amount to rendition for purposes of appellate review. In so ruling, the Wagner court imposed the requirement of entry of a formal written order which articulates the trial court’s decision and reasoning, rather than a notation on a court minutes form. The Court explained that the necessity for such an order is based on the need to avoid “inadvertent rendition” of reviewable orders. While discussing this need to avoid inadvertent rendition, the Wagner court expressly disapproved of this court’s opinion in State v. Brown, 629 So.2d 980 (Fla. 5th DCA 1993), wherein we undertook jurisdiction to review a minutes/order form which indicated that the trial court had granted a motion to suppress and ordered the defendant’s release. See Wagner, 863 So.2d at 1227 n. 7. Specifically, in footnote 7, the Court cited to Brown as an example of a situation where “inadvertent rendition” could result from the judge signing a court minute form and filing it with the clerk unbeknownst to the parties.
Since the issuance of the Wagner opinion, this court has properly taken a narrow view of exercising jurisdiction over rulings set forth in trial court forms where the term “court minutes” appears at the top of the form, and we have recognized the need to recede from our ruling in Brown as a result of the Wagner opinion. For example, in Department of Corrections v. Bergman, 890 So.2d 281 (Fla. 5th DCA 2004), this court reasoned that, even though the document at issue had ordered the Department of Corrections to pay for an interpreter, had been signed by the trial judge, and had been filed with the clerk, the form did not constitute a reviewable order because the document was a “court minutes” form.
This approach was later reinforced in Sigler v. State, 915 So.2d 687 (Fla. 5th DCA 2005). In that case, the trial court utilized a form entitled, “court minutes/order (evidentiary hearing)” to issue a ruling denying a defendant’s motion for post-conviction relief filed under rule 3.850 of the Florida Rules of Criminal Procedure. Although the trial court had lined through the words “court minutes” and had signed the document, this court dismissed the appeal for lack of jurisdiction, concluding that the form did not constitute a reviewable order.
Application of Wagner to the instant facts leads me to the conclusion that the instant court minutes form is not a reviewable order. In reaching this conclusion, I reject as unpersuasive the majority’s assertion that such combined minutes/orders are widely used in the circuit courts of this district. It is universally understood that jurisdiction is conferred upon a court by constitution or by statute and cannot be conferred by waiver, acquiescence, or agreement of the parties. Strommen v. Strommen, 927 So.2d 176 (Fla. 2d DCA 2006). Additionally, I disagree with the majority’s conclusion that “jurisdiction ought to be controlled primarily by what the document does, not what it is called” *231 because, in my view, such an approach is directly contrary to the ruling in Wagner.
In sum, I conclude that, under Wagner, trial courts can not use court minute forms to accomplish what must properly be done by entry of a separate court order. Accordingly, I would dismiss the instant petition for writ of certiorari for lack of jurisdiction.
SAWAYA, J., concurs.