PER CURIAM.
Bell appeals from the judgment and sentence imposed by the trial court after it found that he had violated his probation. Although there was substantial competent evidence to support the trial court’s decision, we are compelled to remand because the trial court failed to enter a written order specifying the probation conditions violated.[1] See Mormon v. State, 976 So.2d 1188 (Fla. 5th DCA 2008); Patt v. State, 876 So.2d 1278 (Fla. 5th DCA 2004); Brinson v. State, 866 So.2d 1268 (Fla. 5th DCA 2004).
We, therefore, vacate the judgment under review and remand for entry of a proper order specifying which conditions Bell was found to have violated.
Judgment VACATED; case REMANDED for entry of a proper adjudication order.
PALMER, EVANDER and COHEN, JJ., concur.

. During the pendency of this appeal, the trial court entered a new order in an apparent attempt to remedy this error. However, the trial court lacked jurisdiction to enter said order. See State ex rel. Salomon v. Sandstrom, 349 So.2d 696 (Fla. 3d DCA 1977).