SAWAYA, J.
 

 Tracey Roberts appeals his judgment and sentence for violation of community control, arguing that 1) he was found to have committed “the non-existent crime of violation of community control felony”; and 2) the trial judge failed to enter a written order of violation stating in writing the conditions that were violated. We note parenthetically that Roberts does not contend that he did not commit a willful and substantial violation of his community control.
 

 Roberts was originally convicted of possession of a firearm by a delinquent in violation of section 790.23(l)(b), Florida Statutes (2009).
 
 [1]
 
 He was placed on community control, which was subsequently revoked after he was found to be in violation. Judgment and sentence were rendered on April 15, 2011, regarding the violation. However, an amended judgment and sentence were subsequently entered on April 21, 2011, that included the original crime of possession of a firearm by a delinquent, but also indicated an adjudication of guilt for the third-degree felony of “Count 6 Violation of Community Control Felony.” There was no count six and the violation of community control was for a second-degree felony, not a third-degree felony. Clearly, some type of scrivener’s error occurred when the trial court rendered the amended judgment and sentence that must be corrected on remand. The State concedes this error and agrees that this case should be remanded to correct that error.
 

 We agree with Roberts that the trial court failed to enter a written order stating the conditions he violated. This court has consistently held that the trial judge must specify, in the written order or judgment, which conditions of probation or community control have been violated.
 
 Bell v. State,
 
 60 So.3d 558 (Fla. 5th DCA 2011);
 
 Mormon v. State,
 
 976 So.2d 1188 (Fla. 5th DCA 2008);
 
 Brinson v. State,
 
 866 So.2d 1268 (Fla. 5th DCA 2004);
 
 Barta v. State,
 
 678 So.2d 923 (Fla. 5th DCA 1996). There is no written order in the instant case, and the judgment does not indicate which conditions were violated. The State agrees that the instant case should be remanded for the entry of a judgment specifying which conditions Roberts violated.
 

 We, therefore, vacate the amended judgment under review and remand this case to the trial court to enter a proper judgment correcting the scrivener’s error and specifying which conditions Roberts violated.
 

 AMENDED JUDGMENT VACATED; REMANDED with directions.
 

 GRIFFIN and MONACO, JJ., concur.
 

 [1]
 

 . Roberts was also convicted of improper exhibition of a deadly weapon or firearm and was sentenced to seventy days in jail on that charge. That conviction and sentence are not an issue in this appeal.