PER CURIAM.
Ryan Caudill appeals from the final judgment finding he violated his community control on a felony criminal mischief case.[1] The State concedes error as it relates to the violation of condition 5 based on a positive urinalysis for cocaine. While the trial court found violations relating to the failure to pay restitution, it specifically stated that it would not impose sanctions for these violations. Thus, it becomes unnecessary to determine whether the evidence supported those violations.
The only remaining violation consisted of being out of place without the consent of the community control officer. We find the evidence was sufficient to support this violation. However, we remand to the trial court because, although the court made oral findings as to the various conditions of community control violated, it failed to enter a written order specifying the conditions violated. See Bell v. State, 60 So.3d *629 558, 558 (Fla. 5th DCA 2011) (remanding for entry of written order specifying conditions violated). Because we cannot ascertain from the face of the record what sentence the court would have handed down for this one violation, on remand the trial court must also determine whether the single violation merits the sentence imposed.
JUDGMENT VACATED; CASE REMANDED.
PALMER, LAWSON and COHEN, JJ„ concur.

. Caudill was also on concurrent probation on two misdemeanor charges.