IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

GENE EDWARD HANKS,

      Appellant,

 v.

Case No.  5D17-2571

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 2, 2018

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

James S. Purdy, Public Defender, and
Nicole Joanne Martingano, Assistant Public
Defender, Daytona Beach, for Appellant.

Gene Edward Hanks, Lake City, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Chance and
Allison L. Morris, Assistant Attorneys
General, Daytona Beach, for Appellee.


PER CURIAM.

      Gene Hanks appeals the judgment and sentence imposed by the trial court for

violating his community control.  We conclude that competent substantial evidence was

presented at trial to support the trial judge's decision that Hanks willfully and materially

violated his community control. However, despite our reminders to trial judges that their written orders or judgments must identify which condition or conditions of probation or community control have been violated, we are compelled to remand here because the written order did not specify the condition of community control that Hanks was found to have violated. *See Lowe v. State*, 225 So. 3d 953 (Fla. 5th DCA 2017); *Biser v. State*, 157 So. 3d 539 (Fla. 5th DCA 2015); *Roberts v. State*, 76 So. 3d 1047 (Fla. 5th DCA 2011); *Bell v. State*, 60 So. 3d 558 (Fla. 5th DCA 2011); *Mormon v. State*, 976 So. 2d 1188 (Fla. 5th DCA 2008); *Brinson v. State*, 866 So. 2d 1268 (Fla. 5th DCA 2004).

Accordingly, we vacate the judgment under review and remand for entry of a proper adjudicatory order listing the specific condition of community control that Hanks was found to have violated.

JUDGMENT VACATED; REMANDED for entry of a proper adjudication order.

BERGER, WALLIS and LAMBERT, JJ., concur.