IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ERIC DAMONT DAVIS,

        Appellant,

 v.                                    Case No.  5D17-165

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed March 2, 2018

Appeal from the Circuit Court
for Orange County,
Marc L. Lubet, Judge.

James S. Purdy, Public Defender, and
Glendon George Gordon, Jr., Assistant
Public Defender, Daytona Beach, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellee.


PER CURIAM.

      Eric Damont Davis appeals the judgment and sentence entered against him after

he was convicted by a jury of aggravated battery with a firearm.  He argues the trial court

erred by a) conducting an insufficient competency hearing; b) failing to make an

independent competency determination; and c) failing to enter a written order on

competency.  We disagree with Davis' assertion that the trial court conducted an insufficient hearing and failed to make an independent determination of his competency. See Dougherty v. State, 149 So. 3d 672, 679 (Fla. 2014) (finding trial court may decide issue of competency based on written reports alone but must enter written order if defendant is found competent to proceed).  Nevertheless, because the court minutes signed by the trial judge reflecting this determination do not constitute an order, we remand for entry of a written order finding Davis competent to proceed.  See Fla. R. App. P. 9.020(f) (defining order as "[a] decision, order, judgment, decree, or rule of a lower tribunal, excluding minutes and minute book entries"); see also State v. Wagner, 863 So. 2d 1224, 1229 (Fla. 2004) ("Because the signed court minutes form was not an order within the definition of the Florida Rules of Appellate Procedure, the act of filing it with the court clerk did not amount to the rendition of an order."); Carroll v. State, 157 So. 3d 385, 385 (Fla. 2d DCA 2015) ("Even when the trial court has previously made a written finding of competency on a signed 'minutes' form, this still does not satisfy the requirement to enter an order as set forth by the rules of criminal procedure.").  In all other respects, we affirm.

AFFIRMED in part; REMANDED with instructions.

BERGER, EDWARDS and EISNAUGLE, JJ., concur.

2