PER CURIAM.
Carlos Pavilus (the defendant) appeals his judgment and sentence, entered by the trial court after a jury found him guilty of lewd or lascivious molestation. He argues that the trial court erred by 1) conducting an insufficient competency hearing; 2) failing to make an independent competency determination; and 3) failing to enter a written order on competency. The record refutes the defendant's arguments that the trial court conducted an insufficient competency hearing and failed to make an independent determination of his competency. See Davis v. State, 239 So.3d 202 (Fla. 5th DCA 2018). Nevertheless, because the trial court failed to enter a written order reflecting its oral finding of competency announced at the hearing, we remand for the entry of a written order, nunc pro tunc to the date when the oral ruling was made. See Wriden v. State, 238 So.3d 444 (Fla. 5th DCA 2018). In all other respects, we affirm.
AFFIRMED; REMANDED with instructions.
SAWAYA, PALMER, and EVANDER, JJ., concur.