IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

HOWARD LIUTENANT MARSHALL,

      Appellant,

 v.

      Case No. 5D22-2623
      LT Case No. 2020-CF-1184-A

STATE OF FLORIDA,

      Appellee.
_____/

Opinion filed April 21, 2023

Appeal from the Circuit Court
for Seminole County,
Melissa Souto, Judge.

Matthew J. Metz, Public Defender,
and Andrew Mich, Assistant Public
Defender, Daytona Beach, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Roberts J.
Bradford, Jr., Assistant Attorney
General, Daytona Beach, for
Appellee.

SOUD, J.

In this *Anders*[1] appeal, Appellant Howard Marshall appeals his judgment and sentence following his violation of probation. We affirm. However, we remand this matter to the trial court for entry of a written order identifying the conditions of probation that the court found Marshall violated.

In his underlying case, Marshall entered a plea of guilty with a negotiated sentence of 365 days in jail followed by two years drug offender probation. Marshall was alleged to have violated his probation by, *inter alia*, (i) using intoxicants to excess and possessing drugs or narcotics not prescribed by a physician, and (ii) failing to report to probation. Following hearing, the trial court found Marshall willfully violated these material conditions of probation by testing positive for cocaine and failing to report to probation in August 2022. As a result, the trial court revoked Marshall's probation and sentenced him to forty-nine months in prison.

While the trial court's findings are sufficient to sustain its decision, the written "Minutes, Judgment and Sentence" revoking Marshall's probation does not identify the conditions of probation Marshall violated.[2] An order

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

[2] The trial court's oral pronouncement reflected in the court minutes of the violation of probation hearing does not constitute an order, even though the minutes are signed by the trial judge. *See State v. Wagner*, 863 So. 2d 1224, 1226 (Fla. 2004); *see also Davis v. State*, 239 So. 3d 202 (Fla. 5th

revoking probation must state in writing the conditions the trial court found a defendant to have violated. *See Hoeft v. State*, 351 So. 3d 666 (Fla. 5th DCA 2022); *Font v. State,* 299 So. 3d 627 (Fla. 5th DCA 2020); *cf. Patt v. State*, 876 So. 2d 1278 (Fla. 5th DCA 2004) (applying same principle to revocation of community control).

Accordingly, we remand this matter for entry of an appropriate order revoking Marshall's probation that identifies the conditions of probation Marshall was found to have violated.

AFFIRMED; REMANDED for entry of a written order revoking probation.

WALLIS, J., concurs.
EISNAUGLE, J., concurs in result only, without opinion.

---

DCA 2018). However, the Judgment and Sentence herein, even though also entitled "Minutes," is a rendered and appealable order. *See Dep't of Child. & Fams. v. E.G.*, 939 So. 2d 226, 229 (Fla. 5th DCA 2006).