# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

Case No. 5D2023-0299
LT Case No. 45-2017-CF-001041-A

————————————————

JESSE ALBERT COLLINS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

————————————————

On appeal from the Circuit Court for Nassau County.
James H. Daniel, Judge.

Matthew J. Metz, Public Defender, and Andrew Mich, Assistant
Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Heather
Flanagan Ross, Assistant Attorney General, Tallahassee, for
Appellee.

June 7, 2024

PER CURIAM.

    Appellant, Jesse Albert Collins, appeals the denial of his
Motion to Correct Illegal Sentence that was filed pursuant to
Florida Rule of Criminal Procedure 3.800(a). After serving a
prison sentence, he commenced probation. He was charged with,
pled guilty to, and was orally adjudicated guilty of violating

conditions 7 and 9 of the terms of his probation. The lower court's written order and judgment fail to identify which conditions of probation were violated. Appellant's rule 3.800 motion sought a written order that included that missing information. The lower court denied Appellant's motion. Commendably, the State has conceded the need to remand for the lower court to enter an appropriate written order.

"This Court has consistently held that the trial judge must specify, in the written order or judgment, which conditions of probation or community control have been violated." *Roberts v. State*, 76 So. 3d 1047, 1048 (Fla. 5th DCA 2011) (citing *Bell v. State*, 60 So. 3d 558 (Fla. 5th DCA 2011)); *see also Maldonado v. State*, 357 So. 3d 726 (Fla. 5th DCA 2022); *Font v. State*, 299 So. 3d 627, 627 (Fla. 5th DCA 2020). This is true even if an Appellant has openly admitted in court to violating the conditions of probation. *Maldonado*, 357 So. 3d at 726.

We affirm the judgment and sentence but remand for the lower court to enter an appropriate order that sets forth that Appellant violated conditions 7 and 9 of the terms of his probation. The revised written order must be issued within ten days of the issuance of the mandate, at the latest.

AFFIRMED; REMANDED for entry of corrected order.

EDWARDS, C.J., and WALLIS and SOUD, JJ., concur.

―――――――――――――――

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

―――――――――――――――

2