DAUKSCH, Judge.
Appellee was charged with carrying a concealed weapon in violation of section 790.01(1), Florida Statutes (1979).[1] The trial court granted appellee’s Motion to Dismiss, specifically finding that “the carrying of a butcher knife on or about one’s person in a concealed manner, to wit: shopping bag from the grocery store, picnic basket or any type of container that is concealed, is not covered within the language of the Florida Statute 790.01(1).” Although the trial court expressed concern, it did not rule on the constitutionality of that section.
Appellee was carrying a butcher knife with a six-inch blade inside or next to the lining of her jacket. She was initially arrested for shoplifting and the knife was discovered while she was in custody. Appellant argues on appeal that a butcher knife is included under section 790.01(1) as a “weapon,” defined in section 790.-001(3)(a)[2] and (13)[3]. We agree with appel *1318 lant and hold that a butcher knife can be included under section 790.01(1). See Miller v. State, 421 So.2d 746 (Fla. 4th DCA 1982). Whether the accused is guilty of the alleged crime is a factual question and if the appel-lee was innocently carrying the butcher knife (in a shopping bag to her house after purchasing it, for instance; or to a picnic, for another instance) then the trier of the facts would be the one to acquit her. Carrying a concealed butcher knife is not per se lawful in view of the statutory language. Of course, neither is that conduct per se unlawful. Again, it depends upon the facts of each case. See Bennett v. Florida Parole and Probation Commission, 422 So.2d 1016 (Fla. 1st DCA 1982). It was error to dismiss the delinquency petition based solely upon a motion that ascribes vagueness to the statute and the charge under the statute.
Because the attorney for the appellant has seen fit to challenge the propriety of this court's striking from his brief a citation to a “PCA” decision from the Second District Court of Appeal we must address the issue. It is noted he not only challenged the propriety but he has also challenged this court’s authority by attempting to obtain a writ of mandamus from the supreme court. Without other comment we point out the purpose of briefs and arguments is to present to the court in concise form the points and questions in controversy, and by fair argument on the facts and law of the case, to assist the court in arriving at a just and proper conclusion, and to notify opposing counsel of the questions to be presented and the authorities relied on. In other words, the purpose is to aid the appellate court in determining the law. 5 Am.Jur. 2nd, Appeal and Error, § 684.
When an attorney cites to a case in a brief, then that cited authority should 1) state the proposition it is cited in support of, 2) identify the source of a quotation, or 3) identify an authority referred to in the text. The Harvard Law Review Association, A Uniform System of Citation, Rule 2.2(a) (13th Ed.1981). Here, the appellant included the following in its brief:
[Note, the status of a butcher knife as a “weapon” under 790.01 was affirmed per curiam in H.T.C. v. State, 407 So.2d 1115 (Fla. 2d DCA 1981), Case No. 81-401 [Appendixed) ].
H.T.C. v. State is a per curiam affirmed decision without opinion. Thus, it is impossible for H.T.C. v. State to state the proposition of law for which appellant cited it as authority.[4]
*1319 Appellant, in its Motion to Reconsider this court’s sua sponte order which struck appellant’s reference in his brief, argues that “courts have the ability to take judicial notice of cases called to their attention and may look beyond the mere opinion in a case and examine the record.” However, in Department of Revenue v. Young Am. Builders, 358 So.2d 1096 (Fla. 1st DCA 1978), the court, in denying a rehearing sought on the basis of conflict with a second district per curiam affirmed opinion,[5] explained:
We, of course have no way of knowing what was intended by that opinion. For aught that we can tell the facts giving rise to that opinion may well have been such as was envisioned by us when we stated in the foregoing opinion “[ujnder those circumstances the laws of Florida impose a documentary stamp tax .... ” The propriety of citing for authority a “PCA” will not be by us here addressed. Whether we are permitted to take judicial notice of the contents of court files in this court we need not now decide, but certainly we may not take judicial notice of the contents of files in other courts. (emphasis supplied).
At 1100.
Also, see generally, Anstead, Selective Publication: An Alternative to the PCA?, Vol. XXXIV, U.Fla.L.Rev. 189 (1982). This most thorough treatment of the “PCA,” and alternatives, is commended to all appellate lawyers for consideration.
The order granting appellee’s motion to dismiss the delinquency petition is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
ORFINGER, C.J., and COWART, J., concur.

.Section 790.01(1), Florida Statutes provides: Whoever shall carry a concealed weapon or electric weapon or device on or about his person shall be guilty of a misdemeanor of the first degree, punishable as provided in section 775.082 or section 775.083.

.Section 790.001(3)(a), Florida Statutes, states:
*1318 “Concealed weapon” means any dirk, metallic knuckles, slingshot, billie, tear gas gun, chemical weapon or device, or any other deadly weapon carried on or about a person in such a manner as to conceal said weapon from the ordinary sight of another person.

. Section 790.001(13), Florida Statutes, states: “Weapon” means any dirk, metallic knuckles, slingshot, billie, tear gas gun, chemical weapon or device, or any other deadly weapon except a firearm or a common pocketknife.

. As support for the elementary rule that one should not cite as authority for a specific proposition of law a “per curiam affirmed without opinion” decision, compare the following:
The attribute of a per curiam, when the “question presented is so clear that it is not considered necessary to elaborate it by extended discussion,” may imply a variety of connotations.... it may not only involve a review of questions of fact, questions that involve nothing more than the discretion of the trial court or questions that involve the application of well settled rules of law, it may be employed to dispose of cases in which we say “affirmed” or “reversed” on authority of some other decided case or cases; it may be employed when two or more justices have contributed to answering the points raised and all others agree. It may be employed to dispose of cases in which anything written on the points raised would add nothing to the law. In fine, there is no limit to the grounds that may prompt a per curiam opinion.
Newmons v. Lake Worth Drainage District, 87 So.2d 49, 51 (Fla. 1956).
tfc * sfc * sf: j(;
In Schooley v. Judd, 149 So.2d 587, reversed on other grounds without comment, 158 So.2d 514 (1963), the district court stated:
In rendering the decree for the plaintiff, the chancellor stated that he relied on the per curiam decision of Hoffman v. Drennan, Fla. 1956, 88 So.2d 624. This was a decision without opinion affirming a decree. We are of the view that such a decision does not establish any point of law; and there is no *1319 presumption that the affirmance was on the merits.
* ‡ st: sfc sf:
In Acme Specialty Corp. v. City of Miami, 292 So.2d 379 (Fla. 3d DCA 1974), the court noted that its earlier opinion:
was a per curiam opinion with no reasons or authorities given and, although this may be sufficient to support a plea of res judicata as between the original parties, such per curiam affirmance opinion does not stand for any general pronouncement of principles of law that might have been urged by the parties in their pleadings and briefs.
* sfc # s)< *

. The opinion cited to another case as authority for the per curiam affirmance.