ALTENBERND, Judge,
concurring with opinion.
I concur in all respects with the court’s opinion. I write merely to amplify my reasoning concerning the convictions for carrying a concealed firearm and possession of a firearm by a convicted felon. As described in the court’s opinion, a “firearm” is statutorily defined to mean “any weapon” with certain characteristics. § 790.001(6), Fla.Stat. (1985). I agree that this flare gun possessed the necessary characteristics to be a firearm. The more difficult issue is whether a flare gun, as a safety device, is a “weapon.”
Chapter 790 contains a definition of “weapon.” That definition, however, excludes a firearm from the definition of “weapon.” § 790.001(13), Fla.Stat. (1985). Since the definitions in section 790.001, Florida Statutes (1985), apply throughout chapter 790 “except where the context otherwise requires,” it is obvious that “weapon” within the definition of firearm is not defined by the statute and, as a word of common usage, should receive an interpretation consistent with its plain and ordinary sense. Tatzel v. State, 356 So.2d 787 (Fla. 1978).
Black’s Law Dictionary 1429 (5th ed. 1979) defines “weapon” as:
An instrument of offensive or defensive combat, or anything used, or designed to be used, in destroying, defeating or injuring a person.
In this case, the flare gun was certainly designed and manufactured to be an instrument of safety. Nevertheless, the evidence in this case establishes that the appellant used the flare gun as an instrument of offensive combat, and that he concealed it on his person for that purpose. Just as a butcher knife is not always a weapon, but may become an illegal weapon under specific factual circumstances, a flare gun may also become a firearm under appropriate circumstances. State v. A.D.H., 429 So.2d 1316 (Fla. 5th DCA 1983).
It may well be legal for a convicted felon to possess a flare gun as a safety device in a boat without violating section 790.23, Florida Statutes (1987). Likewise, a citizen should be able to have a flare gun as a safety device in his boat while in the national forest without violating section 790.-11, Florida Statutes (1987). Thus, I concur in this case without suggesting that a flare gun is a firearm under all circumstances.