547 So.2d 321 (1989)
Benjamin ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1529.
District Court of Appeal of Florida, Fifth District.
August 10, 1989.
*322 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is a timely appeal from convictions for carrying a concealed weapon, possession of cocaine and violation of probation.
The defendant was approached by an officer in a reputed drug area because the officer's suspicions were aroused by the defendant's nervous conduct. The defendant agreed to be searched and the officer found an ordinary one-edged razor blade in the defendant's jacket pocket. The defendant was arrested for carrying a concealed weapon.
During the booking process at the police station the defendant was mumbling and spitting what appeared to be cocaine. The officers found a baggie of cocaine in the defendant's mouth and another baggie of cocaine in his pants pocket. The defendant was also charged with possession of cocaine and violation of probation.
Before the trial, the defendant moved, pro se, to dismiss the charges and to suppress the evidence on the basis that the razor blade was not a concealed weapon and the cocaine was seized after an unlawful arrest. At trial, defense counsel moved for judgment of acquittal at the close of the state's case on the basis that the state had not proved the defendant was carrying a concealed weapon. Defense counsel also moved to suppress the cocaine on the basis that the search was incident to an unlawful arrest for carrying a concealed weapon. The defendant argues that the trial court erred in denying these motions because an ordinary razor blade is not a concealed weapon. Under the facts of this case, we agree.
A razor blade must be an "other deadly weapon" to fall within the statutory *323 definition of a concealed weapon because it is not one of the objects specifically listed. § 790.001(3)(a), Fla. Stat. (1987). A deadly weapon is any instrument which will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design and construction. 79 Am.Jur.2d Weapons and Firearms § 2. An object can become a deadly weapon if its sole modern use is to cause great bodily harm. See R.V. v. State, 497 So.2d 912 (Fla. 3d DCA), rev. denied, 508 So.2d 15 (Fla. 1986) (Nunchakus originally designed as farm tools used to separate chaff from grain but now used as potentially lethal devices in martial arts and have no constructive social utility). A razor blade was not designed or constructed with the purpose of causing death or great bodily harm and the ordinary contemplated social use is constructive.
An object can also be construed a deadly weapon because of its use or threatened use during the alleged crime. R.T. v. State, 448 So.2d 604 (Fla. 3d DCA 1984); Duba v. State, 446 So.2d 1167 (Fla. 5th DCA 1984); McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978). A razor blade, like a nail file, keys or hat pin, is a common household item which when carried on or about a person, such as in a lady's pocketbook, is not a concealed weapon unless it is used in a threatening manner so that it might be considered deadly. In Fletcher v. State, 472 So.2d 537 (Fla. 5th DCA 1985) this court found a razor blade to be a deadly weapon when it was held to the victim's throat in an attempted armed robbery. There was no testimony in this case that the defendant used the razor blade in a threatening manner. The only evidence that a razor blade might be used in a harmful manner was the testimony of the arresting officer who stated that razor blades had been used in previous incidents and that victims had been slashed and cut with these razor blades. We are aware, as are most persons nowadays, that a razor blade is a common tool used by cocaine users to "draw a line" for ingestion. Whether this blade was for that purpose is unknown but there is no evidence it was carried as a weapon.
The trial court erred by not suppressing the evidence and entering a judgment of acquittal on the charge of carrying a concealed weapon. Because the cocaine was seized as the result of the defendant's unlawful arrest for carrying a concealed weapon the cocaine should have been suppressed and a judgment of acquittal should have been granted as to the possession of cocaine. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The defendant's revocation of probation hearing was held jointly with the trial and was based upon the evidence that he had been arrested for carrying a concealed weapon and possession of cocaine. Accordingly this revocation of probation must also be reversed. See State v. Cross, 487 So.2d 1056 (Fla. 1986); State v. Dodd, 419 So.2d 333 (Fla. 1982). The defendant's convictions are reversed.
REVERSED.
DANIEL, C.J., concurs.
ORFINGER, J., concurs specially in result only.