## HINES v STATE OF FLORIDA

### Case No. CJAP84-59 (County Court Case No. MO84-1837)

Ninth Judicial Circuit, Orange County

June 7, 1990

**APPEARANCES OF COUNSEL**

**Office of the State Attorney,** for appellee.

**OPINION OF THE COURT**

EMERSON R. THOMPSON, JR., Circuit Judge.

Appellant was convicted in a non-jury trial of Carrying a Concealed Weapon. The relevant facts are as follows: Following a disturbance in front of a house, an Orlando Police Officer followed Appellant inside the dwelling and down a hallway. The hallway was part of a common area which provided access to several boarding-type rooms. At this time, the officer observed a kitchen knife which had been concealed in Appellant's rear pocket. The evidence was not conclusive on whether the knife was intended to be used for food preparation or some other purpose.

Appellant's first argument on appeal is essentially that the knife was not used or intended to be used as a weapon. However, the element of intent or actual usage are not components of this crime. The determination of what is or is not a weapon is a factual question to be made on a case-by-case basis. *State v A.D.M.,* 429 So.2d 1316 (5th DCA 1983). The transcript reflects a genuine controversy concerning whether the knife is a weapon; one which the trial court answered in the affirmative. Thus, the trial court's determination that the knife was, in fact, a weapon, is one reasonably supported by the record.

Appellant's second contention is that a person may carry a concealed weapon on the premises of his residence, notwithstanding the fact that such residence is a boarding/rooming house with a common hallway used by tenants. This court, as did the trial court, disagrees. An apartment dweller may not lawfully carry a concealed firearm in the common areas of his apartment building. *Doerr v State,* 351 So.2d 56 (4th DCA 1977), *cert. den.,* 359 So.2d 1213 (Fla. 1978).

By analogy, this court applies the reasoning of the Fourth District Court of Appeal to the instant case, and finds Appellant's conduct to have been unlawful.

Accordingly, the judgment of the trial court is AFFIRMED. This case is remanded to the trial court for proceedings consistent with this opinion.

Motions for rehearing will not be entertained. The Clerk is directed to issue its mandate forthwith.

DONE AND ORDERED in Chambers at Orlando, Orange County, Florida, this 7th day of June, 1990.

*Editor's Note:* Michael S. Bloom, Law Clerk, assisted in preparation of the foregoing opinion.