589 So.2d 438 (1991)
P.C., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2796.
District Court of Appeal of Florida, Third District.
November 19, 1991.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
*439 Robert A. Butterworth, Atty. Gen., and Alphonso S. Milligan and Julie S. Thornton, Asst. Attys. Gen., for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
PER CURIAM.
Appellant seeks review of an adjudication of delinquency in connection with the charge of carrying a concealed weapon. We reverse.
The undisputed evidence in this case reveals that a police officer observed the appellant carrying an object in his hand. Upon examining the object, the police officer identified it as "a ruler" that had appellant's name scratched on the back. When the ends of the ruler were pulled apart, it opened to reveal a letter opener.
Section 790.001(3)(a) states that a "concealed weapon" is "any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about a person in such a manner as to conceal it from the ordinary sight of another person" (emphasis added).
In view of the fact that the letter opener was not visible unless, and until, the two sections of the ruler were pulled apart, we have no problem in a finding that the letter opener, as such, was "concealed".
The insufficiency of the State's evidence relates to a total lack of evidence in the record to establish, or even suggest, that the letter opener in question fits the definition of being a "deadly" weapon or "that the juvenile intended to use the instrument as a deadly weapon". See R.T. v. State, 448 So.2d 604 (Fla. 3d DCA 1984); Robinson v. State, 547 So.2d 321 (Fla. 5th DCA 1989); and McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978). Since this record is devoid of any evidence demonstrating that the appellant used the letter opener in such a manner that would enable a court to find that it was being used as a "deadly" weapon, the adjudication of delinquency in connection with that charge must be reversed.
Reversed.