703 So.2d 1201 (1997)
Jeffrey Adle EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2838.
District Court of Appeal of Florida, First District.
December 31, 1997.
Nancy A. Daniels, Public Defender; Terry Carley, Special Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee; Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
BENTON, Judge.
Jeffrey Adle Evans appeals convictions for aggravated battery, in violation of section 784.045(1), Florida Statutes (1993), and for carrying a concealed weapon, in violation of section 790.01, Florida Statutes (1993). We affirm the aggravated battery conviction but reverse the conviction for carrying a concealed weapon, vacate appellant's sentence, and remand for a new trial on the concealed weapon charge and for resentencing.
The State concedes that there were "several clerical errors which appear in the sentencing documents which must be corrected on remand," but we need not address these in light of our decision, which requires resentencing. Nor do we reach any issue as to errors appellant alleges occurred during his cross examination and during the prosecutor's closing arguments, because contemporaneous objections did not preserve these issues for appeal. We find no error in the denial of motions for judgment of acquittal as to both counts. See Terry v. State, 668 So.2d 954, 964-965 (Fla.1996); Walker v. State, 604 So.2d 475 (Fla.1992).
The information on which he was tried charged Mr. Evans with unlawfully carrying a concealed weapon, "to wit: a metal hook" on or about his person, in violation of section 790.01, Florida Statutes (1993). Section 790.001(3)(a), Florida Statutes (1993), defines a "concealed weapon," as follows:
"Concealed weapon" means any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about a person in such manner as to conceal the weapon from the ordinary sight of another person.
The trial court ruled essentially that a metal hook found on Mr. Evans was a dirk, as a matter of law, and subsequently reiterated this ruling, saying: "I don't know if it's a dirk. I ruled that it was a dirk, okay?" Consistently with this ruling, the judge instructed the jury:
As to the second count, carrying a concealed weapon, before you can find the defendant guilty of carrying a concealed weapon the State must prove the following two elements beyond a reasonable doubt. First, that the defendant knowingly carried on or about his person a metal hook, and second, the metal hook was concealed from the ordinary sight of another person.

*1202 A concealed weapon means any dirk, metallic knuckles, sl[u]ngshot, bill[ie], tear[]gas gun, chemical weapon or device or other deadly weapon carried on or about a person in such a manner as to conceal the weapon from the ordinary sight of another person.
The definition of dirk is a narrow, pointed, dagger-like instrument.
(Emphasis supplied.) Although not entirely unambiguous, these instructions authorized the jury to find the defendant guilty of carrying a concealed weapon, regardless of whether the jury was persuaded (beyond a reasonable doubt) that the metal hook was a "dirk" (or a "deadly weapon").
Officer DeCaprio testified that his search of Mr. Evans turned up "what's considered an artificial hand, claw-type artificial hand, in his jacket pocket." (The evidence did not establish that the weapon found on the defendant was the weapon used in the aggravated battery.) The State did not allege or prove a concealed weapon other than the metal hook. Whether this metal hand or hook, State's Exhibit No. 1, was a "concealed weapon" was at best a question of fact for the jury. A hook or artificial hand is not, as a matter of law, the same as a "dirk." The latter has been defined as "a long, straight-bladed dagger formerly carried esp. by the Scottish Highlanders [or] a short sword formerly worn by British junior naval officers." Webster's Third New International Dictionary 642 (unabridged 1981).
Instructions premised on the erroneous view that a metal hook is in law the equivalent of a dirk allowed the jury to convict Mr. Evans of a crime that does not exist, "carrying a concealed metal hook." See Reid v. State, 656 So.2d 191, 192 (Fla. 1st DCA 1995)(reversing where "the trial court committed fundamental error by giving a jury instruction that permitted ... convict[ion of a] ... nonexistent crime"), review denied, 663 So.2d 632 (Fla.1995), appealed after remand on other grounds, 673 So.2d 972 (Fla. 1st DCA 1996), appeal dismissed, 683 So.2d 484 (Fla.1996). As we recently held in Mosely v. State, 682 So.2d 605, 607 (Fla. 1st DCA 1996):
When jurors are given an instruction that would permit them to find the defendant guilty of a crime that does not exist, the error is fundamental and is per se reversible, and the case must be remanded for retrial.
See also Griffin v. United States, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991); Yates v. United States, 354 U.S. 298, 312, 77 S.Ct. 1064, 1073, 1 L.Ed.2d 1356 (1957)("requir[ing] a verdict to be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected"), overruled in part on other grounds, Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Horn v. State, 677 So.2d 320, 323 (Fla. 1st DCA), approved, 684 So.2d 186 (Fla.1996); Mercer v. State, 656 So.2d 555 (Fla. 1st DCA 1995).
Reversed and remanded.
BARFIELD, C.J., and KAHN, J., concur.