PER CURIAM.
Appellant, a juvenile adjudicated delinquent below for carrying a concealed weapon, questions the sufficiency of the evidence to support the adjudication of delinquency in connection with that charge. Because insufficient evidence was presented to support this adjudication of delinquency, we reverse. See P.C. v. State, 589 So.2d 438 (Fla. 3d DCA 1991) *1062 (finding evidence insufficient to support adjudication of delinquency for carrying a concealed weapon where there was no evidence to even suggest that instrument fit the definition of being a “deadly” weapon or that the juvenile intended to use or used the instrument as a deadly weapon); Robinson v. State, 547 So.2d 321 (Fla. 5th DCA 1989) (holding that a “deadly weapon” under section 790.001(3)(a), Florida Statutes, can be either an instrument which will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design and construction, or an object which is used or threatened to be used during a crime in such a way that it would be likely to cause death or great bodily harm); R.T. v. State, 448 So.2d 604 (Fla. 3d DCA 1984) (reversing delinquency adjudication where there was no testimony that the juvenile intended to use the instrument as a deadly weapon).
REVERSED AND REMANDED.
JOANOS, KAHN and DAVIS, JJ., concur.