777 So.2d 1013 (2000)
Peter Axel NYSTROM, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4507.
District Court of Appeal of Florida, Second District.
December 22, 2000.
*1014 James Marion Moorman, Public Defender, and Joan Fowler, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Peter Axel Nystrom appeals a judgment convicting him of carrying a concealed weapon. The "concealed weapon" was a steak knife. We reverse because the jury instructions prohibited the jury from deciding whether the steak knife, a common kitchen item, was a deadly weapon.
On June 11, 1999, Mr. Nystrom was sitting, heavily dressed, in his parked car in a residential neighborhood. A citizen observed that he remained in the parked car over an extended period of time. She found his appearance somewhat suspicious, and became concerned because a crime had been committed in the neighborhood a week earlier. She called the police, and an officer approached Mr. Nystrom. As a result of this encounter, the officer discovered a steak knife in Mr. Nystrom's front pocket.[1] Mr. Nystrom was charged, as a convicted felon, with carrying a concealed weapon.
At trial, Mr. Nystrom explained that earlier on the day of his arrest, he was cooking a steak for dinner in the common kitchen of the boarding house where he lived. When he finished, he placed his fork and knife in his pocket to free his hands to carry his plate and drink up to his room. When he arrived at his room, he was confronted by his landlady who evicted him on the spot. He quickly packed his belongings into garbage bags and placed them in his car. When the officer confronted him, he was sitting in his car trying to decide where to go and what to do.[2]
The knife, which was admitted into evidence, is a steak knife. Its pointed blade is four and three-quarters inches in length, and the entire knife is not longer than nine inches. It has a slightly serrated edge and a plastic handle.
Over objection, the jury was instructed, in pertinent part, as follows:
Before you can find the defendant guilty of CARRYING CONCEALED WEAPON, the State must prove the following two elements beyond a reasonable doubt:
1. PETER NYSTROM knowingly carried on or about his person a fixed bladed knife, approximately 6" long.
2. The fixed bladed knife, approximately 6" long was concealed from the ordinary sight of another person.
A "concealed weapon" is legally defined as any dirk, or other deadly weapon carried on or about the person in such a manner as to conceal the weapon from the ordinary sight of another person.
The trial court denied Mr. Nystrom's request to replace "fixed bladed knife, approximately 6" long" with "deadly weapon." After deliberation, the jury returned a verdict of guilty to the lesser-included offense of carrying a concealed weapon.[3]
Section 790.01, Florida Statutes (1999), provides that the carrying of a weapon on or about one's person in a concealed manner is a first-degree misdemeanor. Section *1015 790.001(13), Florida Statutes (1999), defines "weapon" as "any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife." This same definition applies to the second-degree felony of carrying a concealed weapon by a convicted felon. Thus, in order to be convicted of this crime, a person must carry one of the specified items or an "other deadly weapon" in a concealed manner.
The standard jury instruction for carrying concealed weapons provides the following elements of the crime:
1. (Defendant) knowingly carried on or about [his][her] person (weapon alleged).
2. The (weapon alleged) was concealed from the ordinary sight of another person.
See Fla. Std. Jury Instr. (Crim.) 145. This instruction is sufficient when a defendant has been charged with carrying one of the enumerated weapons. However, when the weapon alleged is a common household item, and not one of the defined weapons pursuant to section 790.001(13), then a jury should be permitted to consider whether the "weapon alleged" is an "other deadly weapon."
In this case, the State argues that the steak knife is a "dirk." First, we are not convinced that a steak knife meets the common definition of a dirk. A dirk is defined as "a long, straight dagger." See Webster's New World College Dictionary, 389 (3d ed.1996). This definition suggests a knife specifically designed for stabbing, as opposed to one designed for more mundane purposes. Second, the jury instructions provided did not insert "dirk" as the weapon alleged, thus permitting the jury to consider whether the knife met this definition.
We cannot hold that a steak knife is a "deadly weapon" as a matter of law.[4] Although, as a matter of fact, a kitchen or steak knife can be used to inflict death, the carrying of one in a concealed manner is neither per se lawful nor per se unlawful. Instead, the jury, as trier of fact, must determine whether the accused is guilty of the crime based upon the particular knife involved and the circumstances surrounding the accused's carrying of it. See State v. A.D.H., 429 So.2d 1316 (Fla. 5th DCA 1983); Gooch v. State, 652 So.2d 1189 (Fla. 1st DCA 1995).
As requested by Mr. Nystrom, the jury instructions should have inserted "deadly weapon" in the section calling for "(weapon alleged)." The jury should also have received instruction on the definition of "deadly weapon." As given, the jury instructions required the jury to find Mr. Nystrom guilty if he knowingly carried the concealed steak knife. Accordingly, we reverse the conviction and remand for proceedings consistent with this opinion.
Reversed and remanded.
GREEN and CASANUEVA, JJ., concur.
NOTES
[1] Mr. Nystrom has not challenged the legality of the stop or the pat-down.
[2] During deliberations, the jury questioned whether the officer found the fork. No evidence was presented on this issue, however, so the question remains unanswered.
[3] The jury reached this result despite the fact that Mr. Nystrom had stipulated he had been convicted of a third-degree felony in 1996. As a result of this partial jury pardon, Mr. Nystrom received a sentence of eight months in county jail.
[4] It would seem that this statute could be improved if it contained a definition of "knife." Admittedly, this definition is not as easy to craft as it might seem. There is probably an unavoidable gray area in which a jury must be called upon to determine whether there is criminal intent in the possession of a concealed item that may be used as a weapon. People carry knives in handbags or on their persons for many lawful reasons. A coworker bringing a cake knife to work to celebrate a birthday or a homeowner carrying a knife in a back pocket while doing yardwork should not be concerned that he or she may be treated like a criminal. Nonetheless, greater certainty about the outer limits of what is either per se legal or per se illegal would be useful. Perhaps a pocketknife with a blade less than 4" long should be per se legal, while a knife that is not securely encased with a blade over 7" long should be per se illegal.