GRIFFIN, J.
The juvenile defendant below, C.A.W., was adjudicated delinquent for carrying a concealed weapon. C.A.W. appeals contending that the item he had concealed, a Chinese star, is not a deadly weapon.
A counselor at the Juvenile Assessment Center, testified that she met C.A.W. for his appointment and, as they were walking from the lobby to the conference room, C.A.W. revealed that he had a knife in his pocket. C.A.W. took out the knife and showed it to her. Officer David Allmond [“Allmond”], of the Orlando Police Department, was dispatched to the location. All-mond then conducted a patdown on C.A.W. and found a sharpened Chinese Star in his pants pocket. This example was among the larger stars that Allmond has seen. Allmond considered both the knife and the star to be dangerous weapons. The trial court found that the knife came within the statutory pocketknife exception but that the Chinese Star was a dangerous weapon. The court withheld adjudication and placed C.A.W. on community control for one year.
C.A.W. contends that because a Chinese star is not listed as a weapon in the concealed weapon statute, it cannot be categorized as an “other deadly weapon” under the statute without proof of its use in a threatening or deadly manner. The State responds that a Chinese throwing star, or shuriken, a multi-bladed, sharp-edged device, is designed to maim or kill and that its nature is apparent on observation.
We agree that even though C.A.W. did not use the star in a threatening manner, it may still be considered a deadly weapon. An object can become a deadly weapon if its sole modern use is to cause great bodily harm. Robinson v. State, 547 So.2d 321, 323 (Fla. 5th DCA 1989). In R.V. v. State, 497 So.2d 912 (Fla. 3d DCA 1986), the trial court determined that a nunchaku (num-chucks), a potentially lethal device originating from the martial arts, was a deadly weapon, and the appellate court affirmed. Here, similarly, the trial court had the object to. examine and found that it was a deadly weapon. We affirm.
AFFIRMED.
HARRIS and PETERSON, JJ., concur.