876 So.2d 594 (2004)
STATE of Florida, Appellant,
v.
Clarence Edward WALTHOUR, Appellee.
No. 5D03-3252.
District Court of Appeal of Florida, Fifth District.
June 4, 2004.
*595 Charles J. Crist, Jr., Attorney General, Tallahassee, and Judy Taylor Rush, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellee.
SHARP, W., J.
The state appeals from the trial court's order which dismissed charges of possession of a concealed weapon by a convicted felon[1] and possession of drug paraphernalia,[2] pursuant to Walthour's rule 3.190(c)(4) motion.[3] We reverse because, in our view, whether Walthour violated the statute by carrying a steak knife in a leather holder on his belt underneath his shirt presented a prima facie case precluding summary dismissal of the charge.
The record reveals that on May 5, 2003 Orlando police officers noticed Walthour walking with a shopping cart in the middle of the street. They stopped him for impeding traffic and asked for identification. As he reached for his identification, one officer saw a bulge under his shirt. The officer conducted a pat-down and found a knife and a box cutter in a pouch hooked to Walthour's belt. They were concealed from sight. A computer check revealed Walthour was a career criminal, having been charged with 19 felonies and convicted of 7 felonies, including one for carrying a concealed weapon.
Walthour was arrested for carrying a concealed weapon by a career criminal. Drug paraphernalia was found on his person during a search incident to the arrest, and he was charged with possession. He pled not guilty.
On the day of trial, defense counsel filed a(c)(4) motion to dismiss in open court. The attorney for the state announced the state had no witnesses, but requested that a photograph of the knife and box cutter be admitted in evidence. It was, with no objection by the defense. Immediately thereafter the judge granted the motion to dismiss in open court, and by an amended order, later dismissed both charges.
The function of a "(c)(4)" motion is to ascertain whether the undisputed facts which the state will rely on to prove its case, establish a prima facie case, as a matter of law, so as to permit a jury to determine the defendant guilty of the crime charged. State v. Williams, 539 So.2d 575 (Fla. 5th DCA 1989); State v. Raulerson, 403 So.2d 1102 (Fla. 5th DCA 1981); State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981). The appellate standard of review is de novo. Bell v. State, 835 So.2d 392 (Fla. 2d DCA 2003).
In this case, Walthour's motion sets forth the undisputed facts, coupled with the photographs of the two knives. The motion to dismiss recited the following facts.
1. The Defendant is charged in this case with Ct. 1 Possession of a Concealed *596 Weapon by a Convicted Felon in violation of Fla. Stat. 790.23, Ct. 2, Possession of Drug Paraphernalia in violation of Fla. Stat. 893.147(1) for an incident occurring on May 5, 2003.
2. The Defendant was stopped in this case in reference to an investigation of an infraction at Atlanta Blvd. in Orange County, Florida.
3. The officer asked if the Defendant had any identification on his person and in response, the Defendant proceeded to reach around his waist were [sic] the officer saw a box cutter and steak knife in a leather holder along the Defendant's belt.
4. A steak knife is a common household item.
5. There is no allegation in the police report that the Defendant ever used or tried to used [sic] the steak knife in a threatening manner.
6. The Defendant allowed the officer to retrieve the knife and the Defendant was placed under arrest for Carrying a Concealed Weapon by a Convicted Felon.
7. There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the Defendant.
8. The steak knife was a common household item and there is no allegation that the item was ever used in a threatening manner. See State v. Tremblay, 642 So.2d 64 (Fla. 4th DCA 1994); Robinson v. State, 547 So.2d 321 (Fla. 5th DCA 1989).
Also forming part of the undisputed facts for purposes of the (c)(4) motion was the photograph of the knives  the box cutter and the steak knife. Based on our viewing of the photograph, the steak knife more closely resembles a kitchen knife, with a substantial blade and wooden handle, as opposed to a smaller sharp "steak" knife one normally uses to cut one's T-bone at the dinner table.
Walthour was charged with violating section 790.23 by carrying a concealed weapon. Section 790.001 defines "concealed weapon" and "weapon" as follows:
(3)(a) "Concealed weapon" means any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about a person in such a manner as to conceal the weapon from the ordinary sight of another person.
* * *
(13) "Weapon" means any dirk, metallic knuckles, slingshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife.
Under the undisputed facts, the knives were concealed. The issue in this case appears to be whether the knives could be deemed by a jury to be deadly "weapons" or another item prohibited by the statute.
In State v. A.D.H., 429 So.2d 1316 (Fla. 5th DCA 1983), this court held that whether a juvenile was guilty of carrying a concealed weapon was a question of fact, in a fact situation similar to this one. There, A.D.H. carried a butcher knife with a six-inch blade inside or next to the lining of her jacket. In reversing the trial court's dismissal of the delinquency petition, we said:
[The state] argues on appeal that a butcher knife is included under section 790.01(1) as a "weapon," defined in section 790.001(3)(a) and (13). We agree with [the state] and hold that a butcher knife can be included under section 790.01(1). See Miller v. State, 421 So.2d 746 (Fla. 4th DCA 1982). Whether the accused is guilty of the alleged crime is a factual question and if [A.D.H.] was *597 innocently carrying the butcher knife (in a shopping bag to her house after purchasing it, for instance; or to a picnic, for another instance) then the trier of the facts would be the one to acquit her. Carrying a concealed butcher knife is not per se lawful in view of the statutory language. Of course, neither is that conduct per se unlawful. Again, it depends upon the facts of each case.... It was error to dismiss the delinquency petition based solely upon a motion that ascribes vagueness to the statute and the charge under the statute. (footnotes and citation omitted)
429 So.2d at 1317-1318.
Like A.D.H.'s possession of the butcher knife, Walthour's possession of the steak knife as a concealed "weapon" presents a question of fact for the jury which should not have been resolved by a motion to dismiss.
To be convicted under the statute, the defendant must have carried and concealed one of the items listed in the statute, or a weapon considered to be a "deadly weapon." Hutchinson v. State, 816 So.2d 1186 (Fla. 2d DCA 2002); Nystrom v. State, 777 So.2d 1013 (Fla. 2d DCA 2000). A deadly weapon is any instrument which will likely cause death or great bodily harm when used in the ordinary manner contemplated by its design and construction. Hutchinson; Robinson v. State, 547 So.2d 321 (Fla. 5th DCA 1989).
Since the undisputed facts in this case establish Walthour did not use the steak knife in a threatening manner, it may not qualify as a deadly weapon. See M.L. v. State, 842 So.2d 257 (Fla. 1st DCA 2003); Nystrom; State v. Tremblay, 642 So.2d 64 (Fla. 4th DCA 1994); Robinson.
However, the knife may constitute a "dirk," one of the items listed in section 790.001. In Miller v. State, 421 So.2d 746 (Fla. 4th DCA 1982), the defendant was charged with robbery with a deadly weapon, a knife. At trial, he moved for judgment of acquittal, asserting there was insufficient proof the knife was a "deadly" weapon because he did not use or threaten to use the knife in a manner to produce death or great bodily harm. The court concluded the evidence supported the lesser crime of robbery with a weapon, noting that a "dirk" is a specifically prohibited weapon under section 790.001(3)(a).
A dirk or dagger is defined as any straight knife worn on a person which is capable of inflicting death, except for a "pocket knife." "Dirk" and "dagger" are used synonymously, and consist of any straight stabbing weapon. The test is its capacity for use a stabbing weapon. Fletcher v. State, 472 So.2d 537, 539, n. 1 (Fla. 5th DCA 1985); Miller, 421 So.2d at 747, n. 1. Based on the photograph in the record, it is clear and undisputed that the knife was clearly not a pocket knife. It had a sizable fixed blade and the capacity to be used as a stabbing weapon.
Under the undisputed facts, the steak knife may be a dirk, or an innocent household item. But that determination is one for the finder of fact based on a consideration of the circumstances, for example, the manner in which it was carried, how assessable it was to the accused, its purpose, or the accused's motive for carrying it, and its ability to cause harm to another. Garcia v. State, 789 So.2d 1059 (Fla. 4th DCA 2001), rev. denied, 817 So.2d 846 (Fla.2002); Evans v. State, 703 So.2d 1201 (Fla. 1st DCA 1997).
REVERSED and REMANDED for further proceedings.
THOMPSON and MONACO, JJ., concur.
NOTES
[1] § 790.23, Fla. Stat.
[2] § 893.147(1), Fla. Stat.
[3] This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(A)(state may appeal an order dismissing an indictment or information or any count thereof).