884 So.2d 494 (2004)
Jackson McNEALLY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2189.
District Court of Appeal of Florida, Fifth District.
October 8, 2004.
James B. Gibson, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Jackson McNeally appeals his conviction for possession of a concealed weapon by a convicted felon. We reverse.
Patrolling police officers found McNeally and a female outside a closed grocery store. They asked McNeally if he had any weapons in his possession, and McNeally replied that he had a butcher's knife in his jacket. After frisking McNeally, the officers extracted a large knife from McNeally's jacket and arrested him for carrying a concealed weapon. McNeally testified that he had borrowed the knife from a friend to prepare a meal of ribs and chicken for a New Year's Day party he was planning. McNeally stated that he did not hesitate to tell the officer that he was carrying the knife because he had it for culinary purposes. At the end of testimony, McNeally asked the trial court to *495 instruct the jury on the definition of "deadly weapon" and argued that the jury had to determine whether McNeally was carrying a "deadly weapon" or a cooking utensil. The trial court denied McNeally's request, and McNeally was convicted as charged. On appeal, McNeally argues that the trial court erroneously denied his request for the jury instruction. We agree.
Section 790.23(1)(a), Florida Statutes, provides that it is unlawful for a convicted felon to own or to have in his or her care, custody, possession, or control any firearm or electric weapon or device, or to carry a concealed weapon. Section 790.001(3)(a), Florida Statutes, defines a "concealed weapon" as:
Any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about a person in such a manner as to conceal the weapon from the ordinary sight of another person.
To be convicted of this crime, a person must carry one of the specified items or a weapon considered to be an "other deadly weapon" in a concealed manner. State v. Walthour, 876 So.2d 594 (Fla. 5th DCA 2004); Nystrom v. State, 777 So.2d 1013 (Fla. 2d DCA 2000). Additionally, the jury, as the trier of fact, determines whether the accused is guilty of carrying a concealed weapon based upon the knife involved and the circumstances surrounding the accused's carrying of it. State v. A.D.H., 429 So.2d 1316 (Fla. 5th DCA 1983); see also Walthour, 876 So.2d at 597 (whether a steak knife is a concealed weapon presents a question of fact for the jury).
In the instant case, McNeally did not carry one of the specified items defined as a weapon in section 790.001(3)(a). Therefore, the jury should have been permitted to determine whether the knife was a "deadly weapon." Moreover, the jury should have received an instruction on the definition of "deadly weapon," as requested by McNeally. See Nystrom, 777 So.2d at 1015 (holding that the jury should be permitted to consider whether a common household item that was not one of the weapons specified in section 790.001 was a "deadly weapon," and the jury should have received an instruction on the definition of "deadly weapon"). As we stated in Walthour:
Under the undisputed facts, the steak knife may be a dirk, or an innocent household item. But that determination is one for the finder of fact based on a consideration of the circumstances, for example, the manner in which it was carried, how [accessible] it was to the accused, its purpose, or the accused's motive for carrying it, and its ability to cause harm to another.
Id. at 597.
REVERSED and REMANDED for further proceedings.
GRIFFIN and ORFINGER, JJ., concur.