920 So.2d 727 (2006)
Larry J. CALDWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-3509.
District Court of Appeal of Florida, Fifth District.
February 10, 2006.
*728 James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin Compton, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
We are once again confronted with mistakes in jury instructions that the aggrieved *729 party claims constitute fundamental error. Having been convicted of carrying a concealed weapon by a convicted felon in violation of section 790.23, Florida Statutes (2002), and carrying a concealed weapon during the commission of a felony in violation of section 790.07, Florida Statutes (2002), Larry Caldwell complains that it was fundamental error to give instructions to the jury that did not require it to determine whether the knife Caldwell had in his possession was a "concealed weapon," as defined in section 790.001(3)(a), Florida Statutes (2002). Specifically, he argues that because of the way the instructions were written and presented to the jury, he was in essence convicted of carrying a paring knife which is not prohibited by either statute.[1]
Caldwell, a convicted felon, entered a store, took a paring knife off the shelf and out of the package, and used it to open other merchandise in the store with the intent to take the items without paying for them. Caldwell's machinations were observed by a loss prevention officer, and Caldwell was arrested for, and convicted of, the two crimes aforementioned.[2] At the appropriate time, the trial court read the jury instructions for both charges to the jury. The instructions provided in pertinent part:
To prove the crime of possession of a weapon by a felon, the State must prove the following two elements beyond a reasonable doubt. Number one, Larry James Caldwell has been convicted of a prior felony; and number two, after the conviction Larry James Caldwell carried a knife that was concealed on or about his person. The term concealed weapon means any dirk, metallic knuckle, slung-shot, billie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about the person in such a manner as to conceal the weapon from the ordinary sight of another.
To prove the crime of a person engaged in a criminal offense having a weapon, the State must prove the following two elements beyond a reasonable doubt. Number one, Larry James Caldwell carried a weapon which was concealed from the ordinary sight of another person; and number two, Larry James Caldwell did so while committing or attempting to commit the felony of petit theft....
In order to convict Caldwell for either offense, the State must prove that he carried a "concealed weapon," which is defined in section 790.001(3)(a), Florida Statutes (2002), as "[a]ny dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about a person in such a manner as to conceal the weapon from the ordinary sight of another person." See McNeally v. State, 884 So.2d 494, 495 (Fla. 5th DCA 2004); Nystrom v. State, 777 So.2d 1013, 1014-15 (Fla. 2d DCA 2000). To properly instruct the jury on both offenses, the instructions must include one of the specific items listed in *730 the definition of "concealed weapon." McNeally; Nystrom. "However, when the weapon alleged is a common household item, and not one of the defined weapons pursuant to section 790.001(13), then a jury should be permitted to consider whether the `weapon alleged' is an `other deadly weapon.'" Nystrom, 777 So.2d at 1015; see also McNeally; State v. Walthour, 876 So.2d 594, 597 (Fla. 5th DCA 2004) ("To be convicted under the statute, the defendant must have carried and concealed one of the items listed in the statute, or a weapon considered to be a `deadly weapon.'").
Of the weapons listed in section 790.001(3)(a), the paring knife conceivably could have been found by the jury to be either a "dirk" or an "other deadly weapon." Hence, rather than state that "Larry James Caldwell carried a knife" in the first instruction and "a weapon" in the latter, both instructions should have specifically stated that he carried either a "dirk" or a "deadly weapon." See Moore v. State, 903 So.2d 341 (Fla. 1st DCA 2005); McNeally; Nystrom. This mistake allowed the jury to convict Caldwell of carrying a concealed knife, which is not a prohibited offense under either statute Caldwell was accused of violating. Moreover, if the knife was a "deadly weapon" as the State forcefully argues, the instructions in the instant case should have included a definition of the term "other deadly weapon," which is an instrument "likely to produce death or great bodily injury." Goswick v. State, 143 So.2d 817, 820 (Fla.1962), receded from on other grounds, State v. Smith, 240 So.2d 807 (Fla.1970); see also Moore; Walthour; Nystrom.
The State suggests that the paring knife is, in fact, either a "dirk" or "other deadly weapon" and, therefore, no error occurred. We will not succumb to the State's invitation to determine this issue as a matter of law. Whether the paring knife is a "dirk" or "other deadly weapon" is a factual issue for the jury to decide, not us.[3]
Concerned that errors did occur, just as Caldwell asserted, the State prudently conceived a fallback argument: since Caldwell did not object to the erroneous instructions, he is precluded from raising the instructional errors on appeal. Although Caldwell acknowledges that the errors are unpreserved, he argues that they rise to the level of fundamental error that requires reversal of both convictions.
The State's argument is based upon the contemporaneous objection rule, now codified in section 924.051, Florida Statutes (2005), which requires the complaining party to timely object to the alleged error in order to preserve it for appellate review. This rule is founded on policy objectives that seek to eliminate legal trickery and procedural gamesmanship by crafty litigants who intentionally cause error or allow error to creep into the trial proceedings so they can complain about it on appeal. Equally important, the rule provides the trial court with a timely opportunity to correct the error and avoid mistrial or reversal on appeal.
The only exception to the contemporaneous objection rule is error that is considered fundamental. F.B. v. State, 852 So.2d 226 (Fla.2003). Fundamental error is defined as "`error [which] reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" Battle v. *731 State, 911 So.2d 85, 89 (Fla.2005) (quoting Brown v. State, 124 So.2d 481, 484 (Fla. 1960)), cert. denied, ___ U.S. ___, 126 S.Ct. 1069, 163 L.Ed.2d 890 (2006). When error rises to this level, the courts will excuse compliance with the rule and allow review of the unpreserved error.
The fundamental error analysis relating to jury instructions begins with the general principle that it is the responsibility of the trial judge to ensure that in a criminal case, the jury is fully and correctly instructed as to the applicable law. Battle; Moore; Foster v. State, 603 So.2d 1312 (Fla. 1st DCA 1992), review denied, 613 So.2d 4 (Fla.1993). Consonant with this responsibility is the right of the defendant to have the court correctly and intelligently instruct the jury on the essential and material elements of the crime with which he is charged. State v. Delva, 575 So.2d 643 (Fla.1991); Small v. State, 889 So.2d 862 (Fla. 1st DCA 2004); Concepcion v. State, 857 So.2d 299 (Fla. 5th DCA 2003). In order to conclude that an instructional error is fundamental, the courts require that the error in the instruction relate to an element of the crime that is a contested issue. Battle; Reed v. State, 837 So.2d 366 (Fla.2002); Delva. Based on our review of the record, it is beyond doubt that whether the knife was a "dirk" or an "other deadly weapon" was a disputed element at trial.
We find the decision in Moore analogous to the instant case. There, the court reversed a conviction for carrying a concealed weapon, concluding that fundamental error occurred because the jury was not properly instructed regarding that offense. The court stated:
We conclude, however, that the jury in this case was not fully and correctly instructed as to the elements of the offense charged. By allowing a conviction upon a mere finding that Moore carried a pellet gun, the instructions were deficient in that they failed to require the jury to determine whether the pellet gun was an "other deadly weapon" within the meaning of the statutory definition of "concealed weapon," and effectively permitted a conviction for the nonexistent offense of carrying a concealed pellet gun. See Evans v. State, 703 So.2d 1201 (Fla. 1st DCA 1997); see also Nystrom v. State, 777 So.2d 1013 (Fla. 2d DCA 2000). Although the trial court did provide the jury a definition of "deadly weapon," the definition given, which contemplates the use or threatened use of the object, is logically inapplicable to a situation involving the possession of a concealed weapon. Instead, the jury should have been instructed that a deadly weapon is "one likely to produce death or great bodily injury." See State v. Walthour, 876 So.2d 594 (Fla. 5th DCA 2004); cf. Dale v. State, 703 So.2d 1045 (Fla.1997). However, even assuming the correct definition of "deadly weapon" had been given, the instructions were nonetheless erroneous in that the jury was never instructed that it must determine whether the pellet gun satisfied that definition. See McNeally v. State, 884 So.2d 494 (Fla. 5th DCA 2004).
... No contemporaneous objection was raised here, but it is fundamental error if an inaccurately defined element is disputed and "is pertinent or material to what the jury must consider in order to convict." See Reed v. State, 837 So.2d 366, 369 (Fla.2002), quoting Stewart v. State, 420 So.2d 862, 863 (Fla.1982). That criterion is satisfied in this case because the question of whether the pellet gun constituted a "concealed weapon" within the meaning of the statutory definition was the only issue in dispute at trial, and obviously was pertinent and *732 material to what the jury was required to consider in order to convict Moore of the charged offense. We therefore conclude that the error in this case is fundamental in nature, and can be reached on appeal notwithstanding the absence of a contemporaneous objection.
Moore, 903 So.2d at 342-43.
We agree with the reasoning in Moore and the other cases previously discussed and conclude that fundamental error occurred in the instant case because the jury was not properly instructed on an essential and disputed element of the crimes Caldwell was accused of committing. This error permitted the jury to convict him without deciding whether the paring knife was a "concealed weapon" as defined in section 790.001(3)(a). Moreover, if the knife was an "other deadly weapon" as the State contends, it was fundamental error not to include in the instructions a definition of that term. The courts have consistently held that errors in defining or failing to define terms that relate to an element of the crime may constitute fundamental error. See Reed (concluding that the trial court committed fundamental error in giving a standard instruction that incorrectly defined malice, an essential element of the offense of aggravated child abuse, when that element was disputed at trial); Moore; Gryphon v. State, 847 So.2d 589, 592 (Fla. 5th DCA 2003) (concluding that the trial court's erroneous instruction on the proper definition of malice was fundamental error and warranted reversal of the defendant's conviction for aggravated child abuse; stating that "[s]imply put, to constitute fundamental error, the omission (or selection of a particular definition, as in the instant case), must be a disputed element of the crime"); see also Evans v. State, 703 So.2d 1201 (Fla. 1st DCA 1997) (holding that it was fundamental error and per se reversible error in prosecution for carrying a concealed weapon to improperly instruct the jury that a metal hook is the equivalent of a dirk).
The State seeks to salvage its conviction for the crime of carrying a concealed weapon during the commission of a felony by arguing that Caldwell specifically requested that no definition be given in the instruction for that particular charge. An instructional mistake does not rise to the level of fundamental error when defense counsel affirmatively requests the deletion or alteration of the jury instruction that subsequently forms the basis of the requested relief in the appellate court.[4] In this instance, the policy considerations that animate strict compliance with the contemporaneous objection rule become far more weighty, resulting in comparative judicial reluctance to apply the fundamental error *733 exception. Certainly, to allow the defendant to seek sanctuary in the appellate courts by asserting that an error of his own making entitles him to reversal of his conviction and a new day in court would encourage the sort of chicanery that the contemporaneous objection rule seeks to eliminate.
Adverting once again to the record, we clearly see that Caldwell's counsel specifically requested that the definition of "concealed weapon," which contains the elements of "dirk" and "deadly weapon," not be given regarding the instruction for carrying a concealed weapon during the commission of a felony. Because of this request, we believe it incongruous for Caldwell to now complain about an error he caused to occur. Although we ascribe no bad motives of legal trickery or procedural gamesmanship to Caldwell's counsel for making this request, we are inextricably drawn to the conclusion that fundamental error did not occur with regard to the instruction for this particular charge. Hence, we are precluded from prescribing the relief Caldwell requests for this unpreserved error.
Accordingly, we affirm Caldwell's conviction for carrying a concealed weapon during the commission of a felony. We reverse his conviction for carrying a concealed weapon by a convicted felon and remand for a new trial on that charge.
AFFIRMED in part; REVERSED in part; and REMANDED.
SHARP, W. and TORPY, JJ., concur.
NOTES
[1] Caldwell also argues that the trial court erred in denying his motion for judgment of acquittal. Our resolution of the issue regarding the instructional error relating to the charge of carrying of a concealed weapon by a convicted felon renders moot this issue as to that charge. Regarding the charge of carrying a concealed weapon during the commission of a felony, we affirm the trial court's denial of the motion.
[2] Caldwell was also convicted of felony petit theft and providing a false name or identification to a law enforcement officer. Although Caldwell raised issues relating to the former charge, we affirm that conviction without further discussion. Caldwell did not raise any issue relating to the latter.
[3] We have examined the evidence presented, which includes a picture of the knife and the package that it was in before Caldwell removed it. This is a knife approximately three and one-half inches long, and its packaging is clearly labeled "swivel peeler and paring knife."
[4] Armstrong v. State, 579 So.2d 734, 735 (Fla. 1991) ("Counsel requested the limited instruction in order to tailor it to the defense that the killing was accidental. By affirmatively requesting the instruction he now challenges, Armstrong has waived any claim of error in the instruction. Any other holding would allow a defendant to intentionally inject error into the trial and then await the outcome with the expectation that if he is found guilty the conviction will be automatically reversed.") (footnote omitted); Fletcher v. State, 828 So.2d 460 (Fla. 5th DCA 2002); Van Loan v. State, 736 So.2d 803, 804 (Fla. 2d DCA 1999) ("We note that an exception to this fundamental error rule arises when defense counsel affirmatively agrees to the omission or the alteration of a jury instruction. Before this exception applies, defense counsel must be aware of the omission, alteration, or incomplete instruction and affirmatively agree to it.") (citation omitted); Weber v. State, 602 So.2d 1316 (Fla. 5th DCA 1992); see also Fulcher v. State, 766 So.2d 243, 245 (Fla. 4th DCA 2000) (rejecting the argument that the trial court committed fundamental error in failing to instruct the jury on all of the elements of the crime of burglary and stating that "[i]In addition, appellant's counsel prepared the instructions and agreed to them").