992 So.2d 352 (2008)
Kelly V. WHITTED, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2354.
District Court of Appeal of Florida, Fourth District.
October 1, 2008.
Rehearing Denied November 7, 2008.
Kelly V. Whitted, Belle Glade, pro se.
No appearance required for appellee.
WARNER, J.
The appellant pled guilty and was sentenced on charges of aggravated assault with a deadly weapon and carrying a concealed weapon by a convicted felon. He filed a motion for postconviction relief claiming that his counsel was ineffective for failing to file a motion to dismiss both charges on the basis that the knife he possessed had only a four-inch blade and could not be considered a deadly weapon nor had it been used or displayed in such a way as to classify it as a deadly weapon. The state responded to the motion by attaching the probable cause affidavit showing that the knife was displayed while the appellant dragged the victim. The information also charged that he had swung the knife toward the victim. The trial court summarily denied the motion, and we affirm.
A motion to dismiss would be unavailing, as whether a pocket knife is a deadly weapon is a question of fact for the trier of fact. See, e.g., Garcia v. State, 789 So.2d 1059, 1061 (Fla. 4th DCA 2001) (whether a kitchen knife was a "deadly weapon" within the meaning of section 790.001(13) was a question of fact depending upon the particular knife involved and the circumstances surrounding the accused's carrying of it). See also Nystrom v. State, 777 So.2d 1013, 1015 (Fla. 2d DCA 2000); Mitchell v. State, 698 So.2d 555, 560 (Fla. 2d DCA 1997) (observing that under the definition of "dangerous weapon," "a weapon may be deadly based on the threat of its use in a way likely to cause great bodily harm"); State v. Nixon, 295 So.2d 121, 122 (Fla. 3d DCA 1974) (court erred in granting defendant's motion to dismiss information charging assault with a deadly weapon, as the question of whether a pocket knife was a deadly weapon was one for the trier of fact at trial).
*353 Here, the probable cause affidavit shows that the appellant displayed the knife while assaulting the victim. Whether such display was a threat of use in a way likely to cause great bodily harm was something a jury would decide, not the court on a motion to dismiss. Counsel was not ineffective for failing to file a motion sure to be denied.
Further, appellant cannot show the necessary prejudice. Had his counsel filed a motion to dismiss, the state could, and most assuredly would, have filed a traverse to the motion, which would have caused the court to deny it. Fla. R.Crim. P. 3.190(d). Thus, the issue was one for the jury, and the appellant does not claim that he would have rejected a plea and gone to trial on these charges.
We affirm as to all issues raised in appellant's motion.
GROSS and DAMOORGIAN, JJ., concur.