SILBERMAN, Judge.
 

 David E. Gee appeals the summary denial of his motions for postconviction relief, as amended, filed pursuant to Florida Rule of Criminal Procedure 3.850, raising multiple claims for relief. We find no error in the postconviction court’s orders except for the denial of Gee’s claim that his counsel was ineffective for failing to advise him that he had a viable defense to the charge of carrying a concealed weapon by a convicted felon.
 

 Gee claimed in his original motion that he was charged with carrying a knife with a folded four-inch blade. Such a knife may be determined by the jury to be a “common pocketknife” excluded from the definition of “weapon” in section 790.001(13), Florida Statutes (2004).
 
 See L.B. v. State,
 
 700 So.2d 370, 373 (Fla.1997). Had his counsel informed him of this viable defense to the charge, Gee asserts that he would “certainly have insisted on going to trial” rather than entering a “best interest” plea. Gee added additional verbiage to this claim in his amended motion. However, as alleged in the original motion, Gee’s claim was facially sufficient.
 

 The postconviction court denied this claim on the ground that the determination of whether Gee’s pocketknife constituted a weapon would be up to the jury and that Gee’s counsel could not be found deficient for failing to file a motion to dismiss the charge, citing
 
 Whitted v. State,
 
 992 So.2d 352 (Fla. 4th DGA 2008), for this proposition. However, Gee’s claim essentially is that he would not have entered a plea had his counsel advised him of this defense, not that his attorney was ineffective for failing to file a motion to dismiss. In contrast, Whitted did not specifically assert that he would have rejected the plea and gone to trial had he been informed of the defense.
 

 “A trial attorney’s failure to investigate a factual defense ..., which results in the entry of an ill-advised plea of guilty, has long been held to constitute a facially sufficient attack upon the conviction.”
 
 Williams v. State,
 
 717 So.2d 1066, 1066 (Fla. 2d DCA 1998). The postconviction
 
 *1037
 
 court attached no record documents to its orders denying relief that refute Gee’s facially sufficient claim. Accordingly, we reverse the denial of this claim and remand for the postconviction court to attach portions of the record that refute this claim or to hold an evidentiary hearing.
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and WALLACE, JJ., Concur.